Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Trisha K. Monesi (SBN 303512)
Trisha.Monesi@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:     (310) 556-4811
Facsimile:     (310) 943-0396

Attorneys for Plaintiff
Alexander Huynh

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER HUYNH, individually, and on behalf of a class of similarly situated individuals,<br><br>         Plaintiff,<br><br>     v.<br><br>QUORA, INC., a Delaware corporation,<br><br>        Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1)  Violations of Unfair Competition Law, California Business & Professions Code § 17200 *et seq.*<br>(2)  Violations of California's Customer Records Act, California Civil Code § 1798.80 *et seq.*<br>(3)  Negligence<br>(4)  Deceit by Concealment<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.      Plaintiff Alexander Huynh ("Plaintiff") brings this action for himself and on behalf of all persons who reside in the United States and who created an account with Quora, Inc. ("Defendant" or "Quora"), from four years prior to the filing of this complaint to the time of class certification, whose personal or financial information was accessed, compromised, or stolen in the 2018 Data Breach ("Quora Users").

2.      Quora requires its Users to provide personally identifiable information ("PII") upon creating an account via Defendant's website or mobile phone application and Users expect Defendant to maintain strict confidentiality of the PII in Quora's possession. Throughout the course of its business, Quora has collected and maintained an extensive amount of its Users' personal information including, without limitation account and user information (*e.g.* name, email, IP, user ID, encrypted passwords, user account, settings, personalization data), public actions and content including drafts (*e.g.* questions, answers, comments, blog posts, upvotes), data imported from linked networks (*e.g.* contacts, demographic information, interests, access tokens), non-public actions (*e.g.* answer requests, downvotes, thanks), and non-public content (*e.g.* direct messages, suggested edits).  However, on information and belief, Defendant failed, and continues to fail, to provide adequate protection of its Users' personal and confidential information and has egregiously failed to provide sufficient and timely notice or warning of potential and actual cybersecurity breaches to its Users.

3.      In an ongoing investigation, Quora recently revealed that its Users' personal information was subject to a massive data security breach in November 2018, **affecting approximately 100 million Quora Users' PII** ("2018 Data Breach").  Quora released a statement on its blog on December 3, 2018, publicly exposing details of the 2018 Data Breach for the first time.  According to the statement, Defendant learned of the data breach as early as November 30, 2018[1], but has not yet directly informed or notified all Quora Users that their

_____

[1] *See* https://blog.quora.com/Quora-Security-Update (last visited Dec. 14, 2018)

1    PII may be compromised as a result of the breach.  Rather, Quora states that it began "logging

2    out all Quora users" who may be affected and invalidating their passwords, without providing

3    Users with any reason for being logged out and not being able to log back in and is still "in the

4    process of notifying users whose data has been compromised."[2]

5              4.       As a result of Defendant's failure to maintain adequate security measures and

6    timely security breach notifications, Quora Users' personal and private information has been

7    compromised and remains vulnerable.  In fact, according to Quora, "the investigation is still

8    ongoing" and they are still working "to gain a full understanding of what happened."[3]

9    Further, Quora Users have suffered an ascertainable loss in that they must undertake

10   additional security measures, some at their own expense, to minimize the risk of future data

11   breaches including, without limitation, canceling credit cards associated with and changing

12   passwords to Quora as well as networks linked to their Quora accounts, such as Facebook.

13   Google, Twitter and LinkedIn.  However, due to Quora's ongoing and incomplete

14   investigation, Quora Users have no guarantee that the above security measures will in fact

15   adequately protect their personal information.  As such, Plaintiff and other Class Members

16   have an ongoing interest in ensuring that their personal information is protected from past and

17   future cybersecurity threats.

18                                             **THE PARTIES**

19             5.       Plaintiff Alexander Huynh ("Plaintiff") is a citizen of the state of California,

20   residing in Piedmont, California.  Plaintiff has been a Quora User for the last four years and

21   provided Defendant with PII including his name, account password, and contact information

22   including his email address.

23             6.       Plaintiff is informed and believes that his PII was compromised as a result of

24   the 2018 Data Breach because he received an email from "The Quora Team" on the evening

25   of December 3, 2018, stating, "information of yours may have been compromised," including,

26   among other things, his "email, IP, user ID, encrypted password, user account settings, [and]

27   _____
     [2] *Id.*

28   [3] *Id.*

1  personalization data."[4]  Further, Plaintiff's Quora account was logged out by a party other

2  than Plaintiff and, based on the email from Quora, Plaintiff understands that those accounts

3  affected by the breach were logged out by Quora.

4         7.     Defendant Quora, Inc. ("Quora") is a corporation organized and in existence

5  under the laws of the State of Delaware and registered to do business in the State of

6  California.  Quora, Inc. Corporate Headquarters are located at 650 Castro Street, Suite 450,

7  Mountain View, California 94041.

8         8.     At all relevant times, Defendant was and is engaged in the business of

9  operating a social networking website and mobile application in Santa Clara County and

10  throughout the United States of America.

11                      **JURISDICTION**

12         9.     This is a class action.

13        10.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

14  § 1331 because this action arises under the Constitution or laws of the United States and the

15  Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) and (6), in that, as to each Class defined

16  herein:

17       (a)    the matter in controversy exceeds $5,000,000.00, exclusive of interest and

18  costs;

19       (b)    this is a class action involving 100 or more class members; and

20       (c)    this is a class action in which at least one member of the Plaintiff's class is a

21  citizen of a State different from at least one Defendant.

22        11.     The Court has personal jurisdiction over Defendant, which have at least

23  minimum contacts with the State of California because their headquarters are located there,

24  and they have conducted business there and have availed themselves of California's markets

25  through their social networking websites and mobile applications.

26

27  

28  [4] The Quora Team "Re: Quora Security Update."  Email message to Alexander Huynh, sent December 3, 2018 at 5:16 p.m. PDT. (Attached hereto as Exhibit A).

CLASS ACTION COMPLAINT

1

**VENUE**

2        12.        Quora, through its online Q&A platform, has established sufficient contacts in

3    this district such that personal jurisdiction is appropriate.  Defendant is deemed to reside in

4    this district pursuant to 28 U.S.C. § 1391(a).

5        13.        In addition, Defendant is headquartered in Mountain View, California, has

6    conducted business in this district, and has availed itself of California's markets through its

7    marketing and operations of its social networking websites and mobile applications.  Venue is

8    proper in this Court pursuant to 28 U.S.C. § 1391(a).

9

**FACTUAL ALLEGATIONS**

10        14.        Quora created and operates a user-based Q&A platform through its website and

11    mobile application that facilitate private and public communications, including messages,

12    posts, and photographs, from and between its Users, as well as providing access to certain

13    account information to third party applications.  Quora purports to allow its users the ability to

14    share and restrict information based on their own specific criteria. In September 2018, Quora

15    reported having more than 300 million active users.[5]

16        15.        Quora requires its Users to provide personally identifiable information ("PII")

17    upon creating an account via Defendant's website or mobile phone application and Users

18    expect Defendant to maintain strict confidentiality of the PII in Quora's possession.

19    Throughout the course of its business, Quora has collected and maintained an extensive

20    amount of its Users' personal information including, without limitation, Users' names, email

21    addresses, other contact information, encrypted passwords, private messages, photographs,

22    and data imported from linked networks.  Quora Users provide this personal information to

23    Quora in reliance on Defendant's assurances as to the protection and security of its Users' PII.

24        16.        However, on information and belief, Defendant failed, and continues to fail, to

25    provide adequate protection of its Users' personal and confidential information and has

26    egregiously failed to provide sufficient and timely notice or warning of potential and actual

27

28        _____

        [5] *See* https://techcrunch.com/2017/04/21/uniqorn/ (last visited Dec. 14, 2018)

CLASS ACTION COMPLAINT

1   cybersecurity breaches to its Users.

2       17.    At all relevant times, Quora has made assurances to its Users that its Users'

3   privacy and security is of utmost importance to Quora, and its Users have relied on those

4   assurances in providing Quora with their PII.  In fact, Quora's Privacy Policy states, "The

5   security of your information is important to us. Quora has implemented safeguards to protect

6   the information we collect."[6]   Clearly, Quora has failed to provide the security consistently

7   promised to its Users.

8       18.    The types of information compromised in the 2018 Data Breach are highly

9   valuable to identity thieves. The names, email addresses passwords, security question answers,

10  and other valuable PII can all be used to gain access to a variety of existing accounts and

11  websites.

12      19.    Despite these assurances, Quora recently revealed that its Users' personal

13  information was subject to a massive data security breach.  Quora released a statement on

14  December 3, 2018, publicly exposing details of the 2018 Data Breach for the first time.

15  According to the statement, Defendant learned of the data breach as early as November 30,

16  2018[7], but has not yet directly informed or notified all Quora Users that their PII may be

17  compromised as a result of the breach.  Rather, Quora states that it began "logging out all

18  Quora users" who may be affected and invalidating their passwords, without providing Users

19  with any reason for being logged out and not being able to log back in and is still "in the

20  process of notifying users whose data has been compromised."[8]

21      20.    As a result of Defendant's failure to maintain adequate security measures and

22  timely security breach notifications, Quora Users' personal and private information has been

23  compromised and remains vulnerable.  In fact, according to Quora, "the investigation is still

24  ongoing" and they are still working "to gain a full understanding of what happened."[9]

---

25  [6] Quora, *Privacy Policy,* https://www.quora.com/about/privacy (last visited Dec. 4,
26  2018).

    [7] *See* https://blog.quora.com/Quora-Security-Update (last visited Dec. 14, 2018)
27  [8] *Id.*

28  [9] *Id.*

1    Further, Quora Users have suffered an ascertainable loss in that they must undertake

2    additional security measures, some at their own expense, to minimize the risk of future data

3    breaches including, without limitation, canceling credit cards associated with their Quora

4    accounts and changing passwords to Quora, Facebook, Google, Twitter, LinkedIn, and other

5    linked accounts.  However, due to Quora's ongoing and incomplete investigation, Quora

6    Users have no guarantee that the above security measures will in fact adequately protect their

7    personal information.  As such, Plaintiff and other Class Members have an ongoing interest in

8    ensuring that their personal information is protected from past and future cybersecurity

9    threats.

10   21.    The insufficient security policies and procedures implemented by Defendant is

11   a material fact that a reasonable consumer would consider when deciding whether to create an

12   account and provide Defendant with personal and confidential information.  Had Plaintiff and

13   other Class Members known that Defendant failed to employ necessary and adequate

14   protection of their personal information, they would not have created a Quora account or

15   would have limited the PII shared with Quora.

16                              **CLASS ACTION ALLEGATIONS**

17   22.    Plaintiff brings this lawsuit as a class action on behalf of himself and all others

18   similarly situated as members of the proposed Class pursuant to pursuant to Federal Rules of

19   Civil Procedure 23(a), 23(b)(2), 23(b)(3), and 23(c)(4). This action satisfies the numerosity,

20   commonality, typicality, adequacy, predominance, and superiority requirements of those

21   provisions.

22   23.    The Class is defined as:

23   **Nationwide Class**:  All individuals residing in the United States who
     registered for an account, at any time, from four years prior to the filing
     of this complaint to the time of class certification, with Quora whose
24   personal or financial information was accessed, compromised, or stolen
25   in the 2018 Data Breach (the "Nationwide Class" or "Class").

26   **California Sub-Class:** All members of the Nationwide Class who
     registered for an account with Quora and reside in the State of
27   California.

28   24.    Collectively, the Nationwide Class and the California Sub-Class, and their class

1   members, will be referred to herein as the "Class" and "Class Members," except where

2   otherwise noted.

3        25.    Excluded from the Class are: (1) Defendant, any entity or division in which

4   Defendant has a controlling interest, and their legal representatives, officers, directors,

5   assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; (3)

6   any Judge sitting in the presiding state and/or federal court system who may hear an appeal of

7   any judgment entered; and (4) those persons who have suffered personal injuries as a result of

8   the facts alleged herein.  Plaintiff reserves the right to amend the Class and Sub-Class

9   definition if discovery and further investigation reveal that the Class should be expanded or

10  otherwise modified.

11       26.    Numerosity:  Although the exact number of Class Members is uncertain and

12  can only be ascertained through appropriate discovery, the number is great enough such that

13  joinder is impracticable.  The disposition of the claims of these Class Members in a single

14  action will provide substantial benefits to all parties and to the Court.  The Class Members are

15  readily identifiable from information and records in Defendant's possession, custody, or

16  control.

17       27.    Typicality:  Plaintiff's claims are typical of the claims of the Class in that

18  Plaintiff, like all Class Members, has maintained a Quora account throughout the duration of

19  the class period.  The representative Plaintiff, like all Class Members, has been damaged by

20  Defendant's misconduct in that they have had to undertake additional security measures, at

21  their own time and expense, to minimize the risk of future data breaches.  Furthermore, the

22  factual bases of Defendant's misconduct are common to all Class Members and represent a

23  common thread resulting in injury to all Class Members.

24       28.    Commonality:  There are numerous questions of law and fact common to

25  Plaintiff and the Class that predominate over any question affecting only individual Class

26  Members.  These common legal and factual issues include the following:

27       (a)    Whether Defendant owed a duty of care to Plaintiff and Class Members with

28              respect to the security of their personal information;

(b)     Whether Defendant had a legal and/or contractual duty to use reasonable security measures to protect Plaintiff's and Class Members' personal information;

(c)     Whether Defendant took reasonable steps and measures to safeguard Plaintiff's and Class Members' personal information;

(d)     Whether Defendant breached its duty to exercise reasonable care in handling Plaintiff's and Class Members' personal information;

(e)     Whether Defendant's acts and omissions described herein give rise to claims of negligence and/or deceit by concealment;

(f)     Whether Defendant's security procedures and practices violated *California Business & Professions Code* §§ 17200 *et seq.*;

(g)     Whether Defendant's security procedures and practices violated *California Civil Code* §§ 1798.90 *et seq.;*

(h)     Whether Defendant knew or should have known of the 2018 Data Breach and when they knew or should have known;

(i)     Whether Defendant had a duty to promptly notify Class Members that their personal information was, or potentially could be, compromised; and

(j)     Whether Plaintiff and other Class Members are entitled to damages or equitable relief, including but not limited to, a preliminary and/or permanent injunction.

29.     <u>Adequate Representation</u>:  Plaintiff will fairly and adequately protect the interests of the Class Members.  Plaintiff has retained attorneys experienced in the prosecution of complex class actions, including consumer and product defect class actions, and Plaintiff intends to prosecute this action vigorously.

30.     <u>Predominance and Superiority</u>:  Plaintiff and Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.  Because of the relatively small size of the individual Class

Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.  Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy.  Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

## FIRST CAUSE OF ACTION

### (Violation of California Business & Professions Code § 17200, *et seq.*)

31.     Plaintiff incorporates by reference the allegations contained in each and every paragraph of this Complaint.

32.     Plaintiff brings this cause of action on behalf of himself and on behalf of the Nationwide Class, or in the alternative, on behalf of the California Sub-Class.

33.     As a result of their reliance on Defendant's representations and omissions, Quora Users utilizing its Q&A platform through its website and mobile application suffered an ascertainable loss due to Defendant's failure to provide adequate protection of its Quora Users' personal and confidential information and failure to provide sufficient and timely notice or warning of potential and actual cybersecurity breaches.

34.     California Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

35.     Plaintiff and Class Members are reasonable consumers who expected Defendant to vehemently protect the personal information entrusted to them and to be informed by Defendant of potential and actual cybersecurity vulnerabilities as soon as Defendant became aware of such threat.

36.     Defendant's acts and omissions were intended to induce Plaintiff and Class Members' reliance on Defendant's explicit and implied guarantee that their personal information was secure and protected, to increase the number of Quora Users, and, ultimately, to increase Defendant's revenues. Plaintiff and the Class Members were deceived by

1  Defendant's failure to properly implement adequate, commercially reasonable security

2  measures to protect their personal information, and Defendant's failure to promptly notify

3  them of the security breach.  As a result, Defendant's conduct constitutes "fraudulent"

4  business acts or practices.

5          37.     Defendant's conduct was and is likely to deceive consumers.

6          38.     In failing to implement adequate security procedures and protocols to protect

7  Plaintiff and Class Members' personal information and promptly notify Plaintiff and Class

8  Members of potential and actual security threats, Defendant has knowingly and intentionally

9  concealed material facts and breached its duty not to do so.

10         39.     Defendant was under a duty to Plaintiff and Class Members to protect Quora

11  Users' personal information and promptly notify Quora Users of potential and actual security

12  threats, and other omitted facts alleged herein, because:

13         (a)     Defendant was in a superior position to know the specifics of a potential or

14                 actual security breach; and

15         (b)     Defendant actively concealed information known to it regarding potential and

16                 actual security breaches affecting Quora Users' account information.

17         40.     The facts Defendant concealed from or did not disclose to Plaintiff and Class

18  Members are material in that a reasonable person would have considered them to be important

19  in deciding whether to utilize Defendant's Q&A platform through its website and mobile

20  application or cancel, change or otherwise modify their account information.  Had Plaintiff

21  and other Class Members known that Defendant failed to employ necessary and adequate

22  protection of their personal information and would fail to timely notify them of potential

23  security breaches, they would not have created a Quora account or would not have provided

24  PII to Quora.

25         41.     By their conduct, Defendant has engaged in unfair competition and unlawful,

26  unfair and fraudulent business practices.  Defendant's unfair or deceptive acts or practices

27  occurred repeatedly in Defendant's trade or business and were capable of deceiving a

28  substantial portion of the purchasing public.

CLASS ACTION COMPLAINT

42.     As a direct and proximate result of Defendant's unlawful, unfair and deceptive practices, Plaintiff and Class Members will continue to suffer actual damages.

43.     Defendant has been unjustly enriched and should be required to make restitution to Plaintiffs and Class Members pursuant to §§ 17203 and 17204 of the California Business & Professions Code.

**SECOND CAUSE OF ACTION**

**(Violation of the California Customer Records Act,**

**California Civil Code § 1798.80, *et seq.*)**

44.     Plaintiff incorporates by reference the allegations contained in each and every paragraph of this Complaint.

45.     Plaintiff brings this cause of action on behalf of himself and on behalf of the California Sub-Class.

46.     The California Legislature enacted Civil Code § 1798.81.5 "to ensure that personal information about California residents is protected."  The statute requires that any business that "owns, licenses, or maintains personal information about a California resident … implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure."

47.     Defendant is a "business" as defined by Civil Code § 1798.80(a).

48.     Plaintiff and California Sub-Class Members are "individual[s]" as defined by Civil Code § 1798.80(d).

49.     The personal information taken in the data breach was "personal information" as defined by Civil Code § 1798.80(e) and 1798.81.5(d), which includes "information that identifies, relates to, describes, or is capable of being associated with, a particular individual, including, but not limited to, his or her name, signature, Social Security number, physical characteristics or description, address, telephone number, passport number, driver's license or state identification card number, insurance policy number, education, employment, employment history, bank account number, credit card number, debit card number, or any

1    other financial information, medical information, or health insurance information."

2          50.    The breach of the personal information of 100 million Quora users was a

3    "breach of the security system" of Defendant as defined by Civil Code § 1798.82(g).

4          51.    By failing to implement reasonable security measures appropriate to the nature

5    of the personal information of Quora Users, Defendant violated Civil Code § 1798.81.5.

6          52.    In addition, by failing to immediately notify all affected Quora Users that their

7    personal information had been acquired or may have been acquired by unauthorized persons

8    in the data breach, Defendant violated Civil Code § 1798.82.  Defendant's failure to

9    immediately notify Quora Users of the breach caused Class Members to suffer damages

10   because they have lost the opportunity to immediately: (i) buy identity protection, monitoring,

11   and recovery services; (ii) flag asset, credit, and tax accounts for fraud, including reporting the

12   theft of their Social Security numbers to financial institutions, credit agencies, and the Internal

13   Revenue Service; (iii) purchase or otherwise obtain credit reports; (iv) monitor credit,

14   financial, utility, explanation of benefits, and other account statements on a monthly basis for

15   unrecognized credit inquiries, Social Security numbers, home addresses, charges, and/or

16   medical services; (v) place and renew credit fraud alerts on a quarterly basis; (vi) routinely

17   monitor public records, loan data, or criminal records; (vii) contest fraudulent charges and

18   other forms of criminal, financial and medical identity theft, and repair damage to credit and

19   other financial accounts; and (viii) take other steps to protect themselves and recover from

20   identity theft and fraud.

21         53.    Because they violated Civil Code § 1798.81.5 and 1798.82, Defendant "may be

22   enjoined" under Civil Code § 1798.84(e).

23         54.    Plaintiff requests that the Court enter an injunction requiring Defendant to

24   implement and maintain reasonable security procedures to protect its Users' personal

25   information, including, but not limited to, ordering that Defendants:

26         (a)    engage third party security auditors/penetration testers as well as internal

27   security personnel to conduct testing consistent with prudent industry practices, including

28   simulated attacks, penetration tests, and audits on Defendant's systems on a periodic basis;

(b)     engage third party security auditors and internal personnel to run automated security monitoring consistent with prudent industry practices;

(c)     audit, test, and train its security personnel regarding any new or modified procedures;

(d)     purge, delete and destroy, in a secure manner, Quora Users data not necessary for its business operations;

(e)     conduct regular database scanning and securing checks consistent with prudent industry practices;

(f)     periodically conduct internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach consistent with prudent industry practices;

(g)     receive periodic compliance audits by a third party regarding the security of the computer systems, cloud-based services, and application software Defendant uses to store the personal information of current and former Quora Users;

(h)     meaningfully educate its current and former Quora Users about the threats they face as a result of the loss of their personal information to third parties, as well as the steps they must take to protect themselves; and

(i)     provide ongoing identity theft protection, monitoring, and recovery services to Plaintiff and Class Members.

55.     As a result of Defendant's violation of Cal. Civ. Code § 1798.81.5, Plaintiff and Class Members have incurred and will incur damages, including but not necessarily limited to: (1) the loss of the opportunity to control how their personal information is used; (2) the diminution in the value and/or use of their personal information entrusted to Defendant for the purpose of deriving services from Defendant and with the understanding that Defendant would safeguard their personal information against theft and not allow access and misuse of their personal information by others; (3) the compromise, publication, and/or theft of their personal information; (4) out-of-pocket costs associated with the prevention, detection, and recovery from identity theft and/or unauthorized use of financial and medical accounts; (5)

CLASS ACTION COMPLAINT

lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the breach, including but not limited to efforts spent researching how to prevent, detect, contest and recover from identity data misuse; (6) costs associated with the ability to use credit and assets frozen or flagged due to credit misuse, including complete credit denial and/or increased costs to use credit, credit scores, credit reports and assets; (7) unauthorized use of compromised personal information to open new financial and/or health care or medical accounts; (8) tax fraud and/or other unauthorized charges to financial, health care or medical accounts and associated lack of access to funds while proper information is confirmed and corrected; (9) the continued risk to their personal information , which remain in Defendant's possession and are subject to further breaches so long as Defendant fails to undertake appropriate and adequate measures to protect the personal information in their possession; and (10) future costs in terms of time, effort and money that will be expended, to prevent, detect, contest, and repair the impact of the personal information compromised as a result of the data breach for the remainder of the lives of the Class Members.

56.     Plaintiff seeks all remedies available under Civil Code § 1798.84, including actual and statutory damages, equitable relief, and reasonable attorneys' fees. Plaintiff also seek reasonable attorneys' fees and costs under applicable law including California Code of Civil Procedure § 1021.5.

### THIRD CAUSE OF ACTION

### (Negligence)

57.     Plaintiff incorporates by reference the allegations contained in each and every paragraph of this Complaint.

58.     Plaintiff bring this cause of action on behalf of himself and on behalf of the Nationwide Class.

59.     Defendant owed a duty to Plaintiff and Class Members to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting and protecting their personal information in their possession from being compromised, lost, stolen, accessed and misused

by unauthorized persons.  This duty included, among other things, designing, implementing, maintaining and testing Defendant's security systems and protocols, consistent with industry standards and requirements, to ensure that Plaintiff's and Class Members' personal information in Defendant's possession was adequately secured and protected.  Defendant further owed a duty to Plaintiff and Class Members to implement processes that would detect a breach of its security system in a timely manner and to timely act upon warnings and alerts, including those generated by its own security systems.

60.     Defendant owed a duty of care to Plaintiff and Class Members because they were foreseeable and probable victims of any inadequate security practices.  Defendant solicited, gathered, and stored the personal data provided by Plaintiff and Class Members in the regular course of its business.  Defendant knew that a breach of its systems would cause damages to Plaintiff and Class Members, and Defendant had a duty to adequately protect such sensitive personal information.

61.     Similarly, Defendant owed a duty to Plaintiff and Class Members to timely disclose any incidents of data breaches, where such breaches compromised the personal information of Plaintiff and Class Members.  Plaintiff and Class Members were foreseeable and probable victims of any inadequate notice practices. Defendant knew that, through its actions and omissions, it had caused the sensitive personal information of Plaintiff and Class Members to be compromised and accessed by unauthorized third parties yet failed to mitigate potential harm to Quora Users by providing timely notice of the security breach.

62.     Defendant breached the duties owed to Plaintiff and Class Members by failing to exercise reasonable care in the adoption, implementation, and maintenance of adequate security procedures and protocols and by failing to timely notify Plaintiff and Class Members of potential and actual security breaches.  Defendant's breach of the duties owed to Plaintiff and Class Members caused injuries to Plaintiff and Class Members, including but not limited to a) theft of their personal information; b) costs associated with the detection and prevention of identity theft; c) costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate and mitigate the actual and future consequences of

the aforementioned data breaches, including without limitation finding fraudulent charges, cancelling and reissuing credit cards and bank accounts, purchasing credit monitoring and identity theft protection, and the stress, nuisance and annoyance of dealing with all issues resulting from the data breaches; d) the imminent and impending injury flowing from potential fraud and identity theft posed by the unauthorized control and use of their personal information by third parties; e) damages to and diminution in value of their personal information entrusted to Defendants with the understanding that Defendants would safeguard their data against theft and not allow access and misuse of their data by others; and f) the continued risk to their personal information, which remains in Defendant's and which is subject to further breaches so long as Defendant fails to undertake appropriate and adequate measures to protect data in their possession.

63.     But for Defendant's negligent and wrongful breach of the duties owed to Plaintiff and Class Members, Plaintiff and Class Members would not have been harmed and could have taken remedial measures to protect their personal information.

64.     Plaintiff and Class Members are entitled to and seek actual damages and reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### (Deceit by Concealment, Cal. Civ. Code §§ 1709, 1710)

65.     Plaintiff incorporates by reference the allegations contained in each and every paragraph of this Complaint.

66.     Plaintiff brings this cause of action on behalf of himself and on behalf of the California Sub-Class.

67.     Defendant had an obligation to disclose to all class members that their Quora accounts and PII were an easy target for hackers and Defendant was not implementing measures to protect them.

68.     Defendant did not do these things. Instead, Defendant willfully deceived Plaintiff and the Class by concealing the true facts concerning their data security, which Defendant was obligated to, and had a duty to, disclose. Additionally, Quora made numerous

representations to ensure users that their PII and other data was safe, and Quora was dedicated to maintaining that security.

69.     Had Defendant disclosed the true facts about its poor data security, Plaintiff and the Class would have taken measures to protect themselves. Plaintiff and the Class justifiably relied on Defendant to provide accurate and complete information about Defendant's data security, and Defendant did not.

70.     Alternatively, given the security holes in Defendant's services and Defendant's refusal to take measures to detect those holes, much less fix them, Defendant simply should have shut down their current service. Independent of any representations made by Defendant, Plaintiff and the Class justifiably relied on Defendant to provide a service with at least minimally adequate security measures and justifiably relied on Defendant to disclose facts undermining that reliance.

71.     Rather than cease offering a clearly unsafe and defective service or disclosing to Plaintiff and the Class that its services were unsafe and users' PII was exposed to theft on a grand scale, Defendant continued on and concealed any information relating to the inadequacy of their security.

72.     These actions are "deceit" under Cal. Civil Code § 1710 in that they are the suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact.

73.     As a result of this deceit by Defendant, it is liable under Cal. Civil Code § 1709 for "any damage which [Plaintiff and the Class] thereby suffer[]."

74.     As a result of this deceit by Defendant, the PII of Plaintiff and the Class were compromised, placing them at a greater risk of identity theft and subjecting them to identity theft, and their PII was disclosed to third parties without their consent. Plaintiff and Class Members also suffered diminution in value of their PII in that it is now easily available to hackers on the Dark Web. Plaintiff and the Class have also suffered consequential out of pocket losses for procuring credit freeze or protection services, identity theft monitoring, and other expenses relating to identity theft losses or protective measures.

75.     Defendant's deceit as alleged herein is fraud under Civil Code § 3294(c)(3) in that it was deceit or concealment of a material fact known to the Defendant conducted with the intent on the part of Defendant of depriving Plaintiff and the Class of "legal rights or otherwise causing injury." As a result, Plaintiff and the Class are entitled to punitive damages against Defendants under Civil Code § 3294(a).

**RELIEF REQUESTED**

76.     Plaintiff, on behalf of himself, and all others similarly situated, requests the Court enter judgment against Defendant, as follows:

(a)     An order certifying the proposed Class, designating Plaintiff as named representatives of the Class, and designating the undersigned as Class Counsel;

(a)     An order enjoining Defendant from further unfair and deceptive business practices regarding the maintenance and protection of Quora Users' personal information;

(b)     An award to Plaintiff and the Class for compensatory, exemplary, and statutory damages, including interest, in an amount to be proven at trial;

(c)     A declaration that Defendant must disgorge, for the benefit of the Class, all or part of the ill-gotten revenues they collected from their conduct alleged herein, or make full restitution to Plaintiff and Class Members;

(d)     An award of attorneys' fees and costs, as allowed by law;

(e)     An award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5;

(f)     An award of pre-judgment and post-judgment interest, as provided by law; and

(g)     Such other relief as may be appropriate under the circumstances.

**DEMAND FOR JURY TRIAL**

77.     Pursuant to Federal Rule of Civil Procedure 38(b) and Northern District of California Local Rule 3-6, Plaintiff demands a trial by jury of any and all issues in this action

so triable.

Dated:  December 18, 2018                    Respectfully submitted,

                                             Capstone Law APC


                                      By: /s/ Trisha Monesi
                                          Tarek H. Zohdy
                                          Cody R. Padgett
                                          Trisha K. Monesi

                                          Attorneys for Plaintiff Alexander Huynh

CLASS ACTION COMPLAINT