Ivy Ngo (California SBN 249860)
Joshua E. Moyer (California SBN 259908)Paul R. Wood (*pro hac vice*)
**FRANKLIN D. AZAR & ASSOCIATES, P.C.**
14426 East Evans Avenue
Aurora, CO 80014
T: 303-757-3300
F: 720-213-5131
ngoi@fdazar.com
moyerj@fdazar.com
woodp@fdazar.com

*Counsel for Plaintiffs Erica Cooper and Jeri Connor*
*(Case No. 5:18-cv-07680-JD)*

Mark A. Ozzello (California SBN 116595)
Tarek H. Zohdy (California SBN 247775)
Cody R. Padgett (California SBN 275553)
Trisha K. Monesi (California SBN 303512)
**CAPSTONE LAW APC**
1875 Century Park East, Suite 1000
Los Angeles, California 90067
T: 310-556-4811
F: 310-943-0396 (fax)
Mark.Ozzello@capstonelawyers.com
Tarek.Zohdy@capstonelawyers.com
Cody.Padgett@capstonelawyers.com
Trisha.Monesi@CapstoneLawyers.com

*Counsel for Plaintiff Alexander Huynh*
*(Case No. 5:18-cv-07597-BLF)*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEXANDER HUYNH, AN INDIVIDUAL AND CALIFORNIA RESIDENT, ERICA COOPER, AN INDIVIDUAL AND NEW JERSEY RESIDENT, AND JERI CONNOR, AN INDIVIDUAL AND COLORADO RESIDENT, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiffs,<br><br> v.<br><br>QUORA, INC.<br><br>    Defendant. | Case No. 5:18-cv-07597-BLF<br>Related Case No. 5:18-cv-07680-JD<br><br>**CLASS ACTION**<br><br>***HUYNH* AND *COOPER* PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR APPOINTMENT OF CAPSTONE LAW, APC, AND FRANKLIN D. AZAR & ASSOCIATES, P.C., AS INTERIM CO-LEAD PLAINTIFFS' COUNSEL**<br><br>Date: April 11, 2019<br>Time: 9:00 a.m.<br>Court:  Courtroom 3, 5th Floor<br>Judge: Honorable Beth Labson Freeman |

## I. INTRODUCTION

Capstone Law, APC ("Capstone") and Franklin D. Azar & Associates, P.C. ("Azar") have sought to continue moving forward to prosecute the action against Defendant by working together rather than disrupting the case with a premature and unnecessarily hostile fight over who should be interim lead counsel. Capstone and Azar continue to take the position that an interim lead counsel appointment is currently unnecessary because there are only three cases, all pending in this district, and two of the law firms (Capstone and Azar) have demonstrated an ability to work together as well as in conjunction with counsel for defendant. However, taking everything into consideration, should the Court consider appointing interim counsel, Capstone and Azar should be appointed and Musgrave's Motion to Consolidate and for Appointment of Interim Class Counsel (Dckt. #31 "Musgrave Motion") should be denied.

It is not in the best interests of the putative class for Bursor & Fisher, P.A. ("Bursor") to enter the proceedings a month after the *Huynh/Cooper* Plaintiffs, then unilaterally seek to take over the litigation to serve their own interests. There is no pending litigation in any other district, and the *Huynh/Cooper* Plaintiffs already agreed their actions should be consolidated and that the interests of the putative class would be best served by their counsel, Capstone and Azar, cooperating to prosecute this action. The only "special circumstances" that warrant appointment of interim counsel at this stage is Bursor's refusal to cooperate with Capstone and Azar. As recognized in *In re Nest Labs Litig.*, No. 14-cv-01363-BLF, 2014 WL 12878556, at *2 (N.D. Cal. Aug. 18, 2014), appointment of interim co-counsel may be appropriate where there is rivalry between the firms, or any uncertainty as to their respective roles. However, in this instance, Capstone and Azar continue to believe that appointment of lead counsel is premature, and that cooperation between *all counsel* can be accomplished with nothing more than a stern directive from this Court.

Capstone and Azar have agreed to work together to increase efficiency and avoid duplication of effort. Capstone and Azar offered to work with Bursor, but Bursor rejected that offer and instead filed their Motion which seeks to take control of the litigation. Although Bursor nominally seeks to have Capstone appointed as co-lead counsel (to the exclusion of Azar), Bursor has not consulted or

cooperated with Capstone on any topic, and has taken positions contrary to Capstone and Azar only to differentiate itself and bolster its Motion.

Nevertheless, at this point, Bursor's unwillingness to cooperate with Capstone and Azar to prosecute this action requires a response. Further, Bursor has demonstrated an unwillingness to work inclusively and efficiently coordinate with co-counsel. On the contrary, this unwillingness to cooperate indicates that Bursor is most concerned with its own interests, even at the expense of putative class members. If the Court does not appoint interim lead counsel, on-going duplication of effort and contradictory positions among Plaintiffs' counsel will be detrimental to the putative class and its ability to prosecute this action. When viewed in sum, all Motions submitted on this matter demonstrate that Capstone and Azar should be appointed Interim Co-Lead Plaintiffs' Counsel because they will best represent the interests of all Plaintiffs and putative class members.

**II.   CAPSTONE AND AZAR SHOULD BE APPOINTED INTERIM CO-LEAD PLAINTIFFS' COUNSEL**

**A. Bursor's Failure to Cooperate with Capstone and Azar Constitutes Special Circumstances Warranting Capstone and Azar's Appointment as Interim Co-Lead Plaintiffs' Counsel**

No party disputes that "[o]nly two cases are pending, both are before the Court, only three plaintiffs' firms are representing four plaintiffs" (Quora Opposition (Dkt. No. 36) at 1), nor that the cases assert "essentially identical factual and legal allegations." Musgrave Motion at 2. Furthermore, the only "special circumstances" is Bursor's failure to cooperate with Azar and Capstone. Bursor's rivalry and refusal to cooperate with Capstone and Azar not only justifies appointment of interim class counsel at this time, but makes appointment of interim class counsel a necessity. *See Nest Labs*, 2014 WL 12878556, at *2.

Busor's sole "compelling' reason to be appointed interim lead counsel is they would not have "any ability to protect the interests of its client." Musgrave Motion at 2.  However, as demonstrated in the Huynh/Cooper Motion (Dkt. No. 33), Capstone and Azar have the experience and qualifications to protect the interests of the Plaintiffs and the putative class, and already have proven themselves adept at advancing the interest of the Plaintiffs and the putative class in this case. Moreover, Musgrave concedes that Capstone and Azar have offered to work with Bursor to protect Plaintiff Musgrave's

personal interests and to promote the efficient prosecution of the case, but that Bursor rejected those overtures. *See* Huynh/Cooper Motion at 3.

Both Capstone and Azar are at least as qualified as Bursor to serve as interim class counsel as demonstrated in their Joint Motion[1]. Capstone and Azar were the first firms to identify and file an action against Defendant. Both are well-established and successful law firms with consumer class action experience and the financial resources necessary to pursue a case of this magnitude. Both firms also have the personnel and expertise necessary to litigate this case. Together, they have already gathered a strong team to prosecute this case with numerous attorneys skilled in complex consumer and data privacy class actions.

Bursor argues, without citing any authority, that having an office located in the district qualifies them for interim lead counsel status. Musgrave Motion at 1. Capstone is located in Los Angeles, California and both Capstone and Azar have attorneys licensed to practice in California as well as the financial wherewithal to litigate in this district – including the ability to secure local office space as needed.

Musgrave's Response (Dkt. No. 37) attempts to portray Quora's Opposition as an attempt "to have a say in who represents Plaintiffs and the Class." Musgrave Response at 1. In fact, Quora argues no one should be appointed interim lead counsel and makes generic statements such as "all…counsel have been cooperating and coordinating on scheduling issues," Quora Opposition at 1, "Plaintiffs…have easily coordinated with each other and Quora on all pre-trial scheduling issues in the Actions thus far," *id.* at 1-2, and "the parties will continue to coordinate for the disclosures and conferences required by the Federal and local rules." *Id.* at 2.

### B. The Cases Cited by Bursor Do Not Support its Appointment as Lead Counsel

The cases cited by Bursor in its response do not support its appointment as lead counsel. None of the cases deal with the factual situation that exists in this case, namely that Bursor, the last firm to file, seeks to usurp a cooperative alliance between Capstone and Azar and take over the litigation as co-counsel with Capstone – a firm with whom it has already refused to cooperate.

---

[1] Indeed, both Capstone and Azar are currently positioned on key committees in the data breach matter entitled *Echavarria, et al v. Facebook, Inc.*, Case No. 3:18-cv-05982, MDL pending in the N.D. Cal.

In *Morris v. Solarcity Corp.*, No. 15-cv-05107 (N.D. Cal. Aug. 29, 2017) and *Gasser v. Kiss My Face, LLC*, No. 17-cv-01675-JSC, 2017 WL 4773426, at *11 (N.D. Cal. Oct. 23, 2017), Bursor was appointed as interim class counsel when there were other actions pending in other districts (Massachusetts and the Eastern District of New York). In *Melgar v. Zicam, LLC*, No. 2:14-cv-00160-MCE-AC, 2014 WL 5486676, at *2 (E.D. Cal. Oct. 29, 2014), the court appointed Bursor as interim class counsel where there were no competing actions. None of these circumstances is on point.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs Alexander Huynh, Erica Cooper, and Jeri Connor respectfully request that the Court deny Plaintiff Rick Musgrave's Motion or, in the alternative, that the Court appoint Capstone Law, APC and Franklin D. Azar & Associates, P.C. as Interim Co-Lead Plaintiffs' Counsel under Federal Rule of Civil Procedure 23(g).

DATED: March 27, 2019

                                      CAPSTONE LAW APC

                                      /s/ Cody R. Padgett

                                    Cody R. Padgett
                                    Mark A. Ozzello
                                    Tarek H. Zohdy
                                    Trisha K. Monesi

                                    Counsel for Plaintiff Alexander Huynh and the class

                                    (Case No: 5:18-cv-07597-BLF)

Joined by:

Dated: March 27, 2019

**FRANKLIN D. AZAR & ASSOCIATES**

/s/ *Ivy Ngo*
Ivy Ngo
Joshua E. Moyer
Paul R. Wood (*pro hac vice*)

*Counsel for Plaintiffs Erica Cooper and Jeri Connor*
(Case No. 5:18-cv-07680--NC)

## CERTIFICATE OF SERVICE

I, Cody Padgett, certify that on March 27, 2019, the foregoing **HUYNH AND COOPER PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR APPOINTMENT OF CAPSTONE LAW, APC, AND FRANKLIN D. AZAR & ASSOCIATES, P.C., AS INTERIM CO-LEAD PLAINTIFFS' COUNSEL** was filed electronically in the Court's Electronic Filing System ("ECF"); thereby upon completion, the ECF system automatically generated a "Notice of Electronic Filing" ["NEF"] as service through CM/ECF to registered email addresses to parties of record in the case, in particular on the following:

By: /s/ Cody R. Padgett

## ATTESTATION

I, Cody R. Padgett, attest that all other signatures listed, and on whose behalf the filing is submitted, concur in the filing's contents and have authorized the filing.

By: /s/ Cody R. Padgett