GREENBERG TRAURIG, LLP
IAN C. BALLON (SBN 141819)
Ballon@gtlaw.com
1900 University Avenue, 5th Floor
East Palo Alto, California 94303
Telephone: 650.328.7881
Facsimile: 650.289.7881

REBEKAH S. GUYON (SBN 291037)
GuyonR@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800

Attorneys for defendant Quora, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER HUYNH, ERICA COOPER, JERI CONNOR, and RICK MUSGRAVE individually, and on behalf of a class of similarly situated individuals,<br><br>    Plaintiffs,<br><br>        v.<br><br>QUORA, INC., a Delaware corporation,<br><br>    Defendant. | CASE NO.:  5:18-cv-07597-BLF<br><br>Hon. Beth Labson Freeman<br><br>**DEFENDANT QUORA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE CONSOLIDATED THIRD AMENDED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Exhibit A, Request for Judicial Notice, and Proposed Order Filed Concurrently]<br><br>Date:        May 21, 2020<br>Time:        9:00 a.m.<br>Courtroom: 3, 5th Floor<br><br>Hon. Beth Labson Freeman |

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ....................................................................................................... 1

II.     RELEVANT FACTS AND PROCEDURAL BACKGROUND ................................... 3

        A.     The Quora Platform ..................................................................................... 3
        B.     The Incident ................................................................................................ 4
        C.     Relevant Procedural Background ................................................................. 4
        D.     Plaintiffs' Claims ....................................................................................... 5

               1.      Plaintiff Huynh .............................................................................. 5
               2.      Plaintiff Cooper ............................................................................. 5
               3.      Plaintiff Connor ............................................................................. 6
               4.      Plaintiff Musgrave ......................................................................... 6

III.    ARGUMENT ............................................................................................................ 6

        A.     Legal Standard ............................................................................................ 6
        B.     Plaintiffs' Alleged Injuries Are Not Recoverable In Negligence ................ 7

               1.      Connor's, Musgrave's And Cooper's Out-Of-Pockets Losses Are Barred
                       By The Economic Loss Doctrine .................................................... 7
               2.      Plaintiffs' Alleged "Lost Time" Is An "Opportunity Cost" Barred By The
                       Economic Loss Doctrine ................................................................ 8
               3.      Lost Personal Information And A Risk Of Future Harm Are Not Injuries
                       Recoverable In Negligence ............................................................. 9
               4.      Connor And Cooper Do Not Claim Emotional Distress Injuries In
                       Negligence .................................................................................... 10

        C.     Plaintiffs Fail To Allege A Plausible Claim Under The UCL ..................... 11

               1.      Plaintiffs Have Not Pled Fraud With Particularity ....................... 11

                       a.      Plaintiffs Cannot Maintain A UCL Claim Based On Non-
                               Actionable Puffery ........................................................... 11
                       b.      Plaintiffs Do Not Allege Fraudulent Intent ....................... 12
                       c.      Plaintiffs Agreed To Dismiss Their Nondisclosure Claims With
                               Prejudice .......................................................................... 13
                       d.      Plaintiffs' Nondisclosure Claims Are Implausible ............ 13

               2.      Huynh And Cooper Lack Statutory Standing ............................... 14

        D.     Plaintiffs Fail To State A Claim For Breach Of Contract Or Breach Of Confidence ........ 15

               1.      Quora's Limitation Of Liability Bars Plaintiffs' Breach Of Contract And
                       Breach Of Confidence Claims ...................................................... 15

i

2.   Huynh, Cooper, And Connor Do Not Allege Actual Damages ............................. 16

3.   Plaintiffs Have Not Cured The Deficiencies In Their Breach Of Confidence Claim ......................................................................................................................... 16

IV.   CONCLUSION ...................................................................................................................... 17

1

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..............................................................................................6, 7

*Bass v. Facebook*,
    394 F. Supp. 3d 1024 (N.D. Cal. 2019) ...............................................................8, 15

*Beecher v. Google N. Am., Inc.*,
    No. 18-CV-00753-BLF, 2018 WL 4904914 (N.D. Cal. Oct. 9, 2018) ...................11

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................................7

*Berkla v. Corel Corp.*,
    302 F.3d 909 (9th Cir. 2002) ...................................................................................17

*Castillo v. Seagate Tech., LLC*,
    16-CV-01958-RS, 2016 WL 9280242 (N.D. Cal. Sept. 14, 2016)............................7

*Darnaa, LLC v. Google LLC*,
    756 F. App'x 674 (9th Cir. 2018) ...........................................................................15

*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*,
    No. 316CV00014GPCBLM, 2016 WL 6523428 (S.D. Cal. Nov. 3, 2016) ..........7, 9, 10

*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir. 2016) ...................................................................................11

*Frenzel v. AliphCom*,
    76 F. Supp. 3d 999 (N.D. Cal. 2014) .......................................................................8

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) ..................................................................................7

*Glen Holly Entm't, Inc. v. Tektronix Inc.*,
    343 F.3d 1000 (9th Cir. 2003) ................................................................................11

*Hoey v. Sony Elecs. Inc.*,
    515 F. Supp. 2d 1099 (N.D. Cal. 2007) ..................................................................14

*In re iPhone App. Litig.*,
    844 F. Supp. 2d 1040 (N.D. Cal. 2012) ............................................................2, 9, 10

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ....................................................................2, 11, 13, 14

*Keniston v. Roberts*,
    717 F.2d 1295 (9th Cir. 1983) ................................................................................16

*Lloyd v. CVB Fin. Corp.*,
    811 F.3d 1200 (9th Cir. 2016) ................................................................................12

*Low v. LinkedIn Corp.*,
   900 F. Supp. 2d 1010 (N.D. Cal. 2012) ................................................................... 7, 9

*Merritt v. Countrywide Fin. Corp.*,
   No. 09-CV-01179-BLF, 2016 WL 6573989 (N.D. Cal. June 29, 2016) ......................... 16

*Reichman v. Poshmark, Inc.*,
   267 F. Supp. 3d 1278 (S.D. Cal. 2017) ...................................................................... 15

*In re Sony Gaming Networks and Customer Data Sec. Breach Litig.*,
   903 F. Supp. 2d 942 (S.D. Cal. 2012) ........................................................................ 9

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ................................................................................... 11

*Wilson v. Hewlett-Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012) .............................................................................. 3, 13

**State Cases**

*Aas v. Super. Ct.*,
   12 P.3d 1125 (2000) ........................................................................................ 2, 7, 9

*Erlich v. Menezes*,
   981 P.2d 978 (Cal. 1999) ........................................................................................ 16

*Kwikset Corp. v. Sup. Ct.*,
   246 P.3d 877 (Cal. 2011) ........................................................................................ 15

*N. Am. Chem. Co. v. Super. Ct.*,
   69 Cal. Rptr. 2d 466 (Ct. App. 1997) ...................................................................... 8, 9

*Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n*,
   291 P.3d 316 (2013) ........................................................................................... 2, 12

*Robinson Helicopter Co., Inc. v. Dana Corp.*,
   102 P.3d 268 (Cal. 2004) .................................................................................. 2, 8, 9

*St. Paul Fire & Marine Ins. Co. v. Am. Dynasty Surplus Lines Ins. Co.*,
   124 Cal. Rptr. 2d 818 (Cal. 2002) ........................................................................... 16

*Tarmann v. State Farm Mut. Auto. Ins. Co.*,
   2 Cal. Rptr. 2d 861 (Ct. App. 1991) ......................................................................... 12

*Wong v. Jing*,
   117 Cal. Rptr. 3d 747 (2010) .............................................................................. 2, 10

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
   No. 16-MD-02752-LHK, 2017 WL 3727318 (N.D. Cal. Aug. 30, 2017) ............... 2, 11, 12

**State Statutes**

California Business & Professions Code § 17200 .......................................................... 2, 11

California Civil Code § 1668 ........................................................................................ 15

California Civil Code § 1798.81.5 ................................................................................... 4

iv

California Civil Code § 1798.81.5(d) ........................................................................14

California Civil Code § 1798.82 ..................................................................................4

California Civil Code § 1798.82(d)(1)(D) ...............................................................4, 14

California Civil Code § 1798.82(h) .............................................................................14

California Civil Code § 17099 ....................................................................................13

California Civil Code § 17982(h) .................................................................................4

**Rules**

Federal Rules of Civil Procedure, Rule 9(b) ................................................2, 3, 11, 14

Federal Rules of Civil Procedure, Rule 12(b)(6) ..........................................................6

Case No.: 5:18-cv-07597-BLF          Defendant Quora, Inc.'s Motion to Dismiss Consolidated Third Amended
Complaint

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE THAT on May 21, 2020 at 9:00 a.m. in Courtroom 3, 5th Floor of the above-captioned Court, defendant Quora, Inc., will and hereby does move to dismiss plaintiffs' Consolidated Third Amended Class Action Complaint, ECF No. 74 ("TAC") pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice for failure to state a claim.

This motion is based on this notice, the following memorandum of points and authorities, and any other matters the Court may properly consider.

**STATEMENT OF RELIEF SOUGHT**

Quora seeks an order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing the TAC with prejudice for failure to state a claim.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Plaintiffs' claims (in their **sixth** operative complaint filed thus far) arise from a malicious third-party attack on Quora's servers that Quora discovered on November 30, 2018, and promptly notified plaintiffs of within three (3) calendar days—one (1) business day later—on December 3, 2018 (the "Incident"). The attack did not result in a disclosure of plaintiffs' sensitive personal information, such as social security numbers or medical information, or their financial information, such as credit or bank account numbers, because Quora does not collect that type of information from plaintiffs. Request for Judicial Notice ("RJN"), Ex. 2. Thus, Quora was not even required to inform plaintiffs of the Incident under California law. Nonetheless, because Quora did not intend for the malicious attack to occur, Quora voluntarily provided detailed notices to plaintiffs Alexander Huynh, Erica Cooper, Jeri Connor, and Rick Musgrave (as well as all affected users) informing them of the Incident.

Even though the Incident resulted in—at best—a disclosure of plaintiffs' purely innocuous and otherwise publicly-available information, plaintiffs assert that it caused them various disproportionate harms. All plaintiffs allege that the Incident caused them an "opportunity cost" of lost time. TAC ¶ 15. Connor allegedly purchased credit monitoring as a result of the Incident, and Musgrave claims that money was recently stolen from his bank account. TAC ¶¶ 19, 20. Cooper and Connor contend that they are suffering stress, anxiety, and fear. TAC ¶¶ 18, 19. But even accepting these allegations as true, they

1

still fail to state a claim as a matter of law under any theory alleged.

Plaintiffs allege no harms recoverable in negligence. Connor's and Musgrave's alleged financial losses are barred by the economic loss doctrine. *Aas v. Super. Ct.*, 12 P.3d 1125, 1130-31 (2000). Regarding lost time, Quora respectfully submits that an "opportunity cost" of lost time—which is what plaintiffs allege—is an economic loss that is also barred by the economic loss doctrine under California law, pursuant to a ruling of the California Supreme Court. *Robinson Helicopter Co., Inc. v. Dana Corp.*, 102 P.3d 268 (Cal. 2004). Plaintiffs' alleged loss of personal information is not an "appreciable, nonspeculative, present injury," as California law requires. *In re iPhone App. Litig.*, 844 F. Supp. 2d 1040, 1064 (N.D. Cal. 2012) (citing and summarizing California law). Connor and Cooper do not—and cannot plausibly—claim emotional distress as an injury in negligence. *Wong v. Jing*, 117 Cal. Rptr. 3d 747, 767 (2010). Because Connor's and Musgrave's alleged out-of-pocket costs are barred by the economic loss doctrine, no plaintiff alleges a *present* injury recoverable in negligence under California law. In the absence of any present injury sufficient to maintain a negligence claim, plaintiffs cannot maintain a claim based on a threat of future harm alone. *Aas*, 12 P.3d at 1138.

Plaintiffs fail to state a plausible claim under Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"). Their UCL claim is expressly premised upon fraudulent representations or omissions related to Quora's alleged obligation to protect their personal information, and it is therefore subject to Fed. R. Civ. P. 9(b)'s heightened pleading requirements, which plaintiffs have not satisfied. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). The only specific statement that plaintiffs allege Quora made regarding the security of their personal information is vague, non-actionable puffery as a matter of law: "The security of your information is important to us. Quora has implemented safeguards to protect the information we collect." TAC ¶ 34; *see In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK, 2017 WL 3727318 (N.D. Cal. Aug. 30, 2017). Plaintiffs' claims further arise in promissory fraud because they are based on statements made, or omitted, from Quora's Privacy Policy, but plaintiffs do not, and cannot, plausibly allege that Quora did not intend to safeguard their personal information when plaintiffs created their accounts. *Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n*, 291 P.3d 316, 325 (2013). To the contrary, plaintiffs admit that Quora did not intend for the Incident to occur. TAC ¶ 37. Plaintiffs' UCL claims based on allegedly fraudulent omissions should be

2

dismissed because plaintiffs have already agreed to the dismissal of their deceit by concealment with prejudice, and the elements of a claim for fraudulent omission and deceit by concealment are materially identical. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1146 (9th Cir. 2012). Moreover, plaintiffs have not identified any material information that Quora allegedly failed to provide with the specificity that Rule 9(b) requires.

Finally, plaintiffs' breach of contract and breach of confidence claims are barred under the limitation of liability clause in Quora's Terms of Service, which the Court has already upheld as valid and enforceable. Order at 17-18 (Dec. 19, 2019), ECF No. 72 ("Order").  Plaintiffs have also failed to cure the deficiencies for which the Court previously dismissed these claims: Huynh, Cooper, and Connor do not allege any actual damages required for a breach of contract claim, and plaintiffs' breach of confidence claim remains impermissibly based on the express terms of Quora's Privacy Policy. Order at 13-14, 15-16.

Plaintiffs' TAC is their ***sixth*** operative complaint in this case. *Alexander Huynh, et al. v. Quora, Inc.*, Case No. 5:18-cv-07597-BLF ("*Huynh*"), ECF Nos. 1 [Complaint], 25 [FAC], 55 [SAC], 85 [TAC]; *Musgrave v. Quora, Inc.* Case No. 5:19-cv-00566-BLF ("*Musgrave*"), ECF. No. 1 [Complaint]; *Erica Cooper, et al. v. Quora, Inc*., Case No. 5:18-cv-07680-BLF ("*Cooper*"), ECF No. 1 [Complaint]. Because plaintiffs have had ***five*** combined opportunities to amend, yet their claims remain deficient as a matter of law, Quora respectfully requests that the Court dismiss the TAC with prejudice.

## II.        RELEVANT FACTS AND PROCEDURAL BACKGROUND

### A.  The Quora Platform

The Quora Platform—the website www.quora.com and related mobile application—is a public question-and-answer forum with a mission of sharing and growing the world's knowledge. TAC, Ex. B. Plaintiffs agreed that the information they "upload, publish, or display to others via the Quora Platform" is publicly available and may be reposted anywhere. TAC, Ex. B ¶ 3(a), (c). Quora does not "collect sensitive personal information like credit card or social security numbers" from plaintiffs. RJN, Ex. 2 at 2.

//

1

### B. The Incident

2      Plaintiffs' claims arise from a malicious attack on Quora's servers that Quora discovered on

3   November 30, 2018. TAC, Ex. A (notice to Huynh dated December 3, 2018 informs him that Quora

4   discovered the attack on "Friday"—November 3, 2018). Because Quora did not collect or store plaintiff's

5   (1) financial information, (2) sensitive personal information, such as social security numbers, driver's

6   license numbers, medical information, or health information, or (3) unencrypted passwords, this

7   information was not compromised in the Incident, and Quora's notices to plaintiffs regarding the Incident

8   were not required by law—in other words, Quora's fulsome notices were completely voluntary. *See* Cal.

9   Civ. Code § 17982(h); TAC, Ex. A (Quora's notice to plaintiff Huynh, listing the data elements

10  potentially compromised, which do not include the data elements that require disclosure when

11  compromised in a data breach under California law), ¶¶ 18(a), 19(a), 20(a) (all plaintiffs claim that they

12  received "identical" notices as Exhibit A). Security questions and answers were also *not* disclosed, and

13  plaintiffs' repeated contention otherwise is devoid of factual support. TAC, Ex. A; RJN, Ex. 2; *see* TAC

14  ¶ 35.

15      Nonetheless, because Quora did not intend for its systems to be compromised, Quora promptly

16  provided plaintiffs, and all affected users, detailed notices regarding the Incident within three calendar

17  days—one business day—of discovery, and through multiple methods—direct messages to their email

18  addresses and public disclosures on the Quora Platform. *E.g.*, TAC ¶¶ 17(a), 18(a), 19(a), 20(a), Ex. A;

19  RJN, Exs. 1, 2. Quora's notices to plaintiffs identify their information potentially compromised and track

20  the statutory requirements of data breach notices under California law. *See* TAC, Ex. A; Cal. Civ. Code §

21  1798.82(d)(1)(D).

22

### C. Relevant Procedural Background

23      Plaintiffs conceded in their Opposition to Quora's Motion to Dismiss the Consolidated Second

24  Amended Complaint that (1) Quora's notices to them were not inadequate or untimely under the

25  California Customer Records Act, Cal. Civ. Code §§ 1798.81.5, 1798.82, (2) Quora did not invade their

26  privacy, (3) Quora did not commit deceit by concealment, and (4) their personal information has not lost

27  value as a result of the Incident. Opp. 2 n.1, 5 (July 18, 2019), ECF No. 61, attached as Exhibit 3 to the

28

1    RJN. The Court, therefore, dismissed claims based on these theories with prejudice on December 19,

2    2019. Order at 10 (Dec. 19, 2019), ECF No. 72.

3         The Court also found in its December 19, 2019 Order that the limitation of liability in Quora's

4    Terms of Service is valid and enforceable, and not unconscionable under California law. Order at 18. The

5    limitation of liability clause is prefaced with a bolded notice to "PLEASE READ THIS SECTION

6    CAREFULLY SINCE IT LIMITS THE LIABILITY OF QUORA ENTITIES TO YOU" and provides:

7              WE ARE PROVIDING THE QUORA PLATFORM, ALONG WITH OUR CONTENT

8              AND MATERIALS AND THE OPPORTUNITY TO CONNECT WITH OTHERS, ON

9              AN 'AS IS' AND 'AS AVAILABLE' BASIS, WITHOUT WARRANTY OF ANY

10             KIND, EXPRESS OR IMPLIED. WITHOUT LIMITING THE FOREGOING, QUORA

11             ENTITIES EXPRESSLY DISCLAIM ANY AND ALL WARRANTIES AND

12             CONDITIONS . . . UNINTERRUPTED OR ERROR-FREE SERVICE, . . . AND ANY

13             WARRANTIES ARISING OUT OF COURSE OF DEALING OR TRADE US[]AGE.

14             . . .

15             YOU AGREE THAT TO THE MAXIMUM EXTENT PERMITTED BY LAW, QUORA

16             ENTITIES WILL NOT BE LIABLE TO YOU UNDER ANY THEORY OF LIABILITY.

17             . . .

18   TAC, Ex. B ¶ 8.

19        **D.  Plaintiffs' Claims**

20        Plaintiffs assert a host of theories for how the alleged compromise of their innocuous data and

21   encrypted passwords may have harmed them, but these allegations are insufficient to state a claim as a

22   matter of law under any cause of action they allege.

23        **1.  Plaintiff Huynh**

24        Huynh alleges that he has spent "one hour per week on the phone and/or monitoring accounts to

25   check for evidence of fraud or identity theft following the" Incident. TAC ¶ 17(d).

26        **2.  Plaintiff Cooper**

27        Cooper alleges that she has "spent time, money, and effort on a near-weekly basis monitoring

28

1    accounts and trying to ascertain and mitigate the extent of the damage done to her online accounts . . . ."
2    *Id.* ¶ 18(d). However, her allegation that she has spent "money" mitigating the perceived results of the
3    Incident is not entitled to a presumption of the truth because she previously informed the Court, and her
4    counsel admitted on the record at the hearing on Quora's Motion to Dismiss Plaintiff's Second
5    Consolidated Amended Complaint, that the credit monitoring service she allegedly uses is free. RJN, Ex.
6    4 at 28:20-23 (Transcript of Nov. 14, 2019 Hearing). Cooper claims that in response to learning of the
7    Incident and "out of concern for potentially fraudulent activity" on a credit card, she cancelled the credit
8    card. TAC ¶ 18(c). Cooper allegedly experiences "stress, fear, and anxiety" on a "near-daily basis" as a
9    result of the Incident. *Id.* ¶ 18(d).

10       **3.    Plaintiff Connor**

11       Connor alleges that she has spent "time, money, and effort, on a nearly-weekly basis monitoring
12   accounts and trying to ascertain and mitigate the extent of damage done to her online accounts" as an
13   alleged result of the Incident. TAC ¶ 19(d). Connor also alleges that she experiences "stress, fear, and
14   anxiety" on a "near-daily basis." *Id.* Connor further alleges that she purchased "enhanced credit
15   monitoring" "for approximately five months" allegedly in response to learning of the Incident, for which
16   she paid "between $40 and $100." *Id.* ¶ 19(b).

17       **4.    Plaintiff Musgrave**

18       Musgrave alleges that he spent "one hour per week following the [Incident] monitoring accounts
19   to check for evidence of fraud or identity theft." TAC ¶ 20(f). Musgrave claims that, since he learned of
20   the Incident, he received notifications "from Credit Karma that foreign third parties have tried to hack
21   into several of his online accounts." *Id.* ¶ 20(d). Musgrave also alleges that he learned in January 2020
22   that a Discover credit card had been opened in his name without his permission, and "around $7,000 was
23   taken from" his bank account. *Id.* ¶ 20(e). Allegedly, after January 2020 when he learned of these alleged
24   occurrences, he "spent an additional 40 hours to remedy the issue." *Id.* ¶ 20(f).

25                          **III.    ARGUMENT**

26       **A. Legal Standard**

27       To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), plaintiffs must offer "more than an

28

1   unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

2   (2009). Rather, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3   relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). The Court does not

4   accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

5   inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

6   **B.   Plaintiffs' Alleged Injuries Are Not Recoverable In Negligence**

7          To state a claim for negligence, plaintiffs must allege: "(a) a legal duty to use due care; (b) a

8   breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury."

9   *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 31 (N.D. Cal. 2012) (quotations and emphasis omitted).

10  The rule in California is that "appreciable, nonspeculative, present injury is an essential element of a tort

11  cause of action" for negligence. *Aas v. Super. Ct.*, 12 P. 3d 1125, 1138 (2000). In actions for negligence,

12  liability is "limited to damages for physical injuries; no recovery is allowed for economic loss alone." *Id.*

13  at 1131. Under these binding principles of California law, plaintiffs' alleged injuries cannot support a

14  claim for negligence.

15        **1.   Connor's, Musgrave's And Cooper's Out-Of-Pockets Losses Are Barred By The**

16             **Economic Loss Doctrine**

17        Plaintiffs only claim that Connor's alleged financial loss, from purchasing enhanced credit

18  monitoring, is an out-of-pocket "cost" recoverable in negligence. TAC ¶ 87(b) (claiming that Quora's

19  alleged negligence caused "injuries" "including" "[c]osts associated with the detection and prevention of

20  identity theft"), ¶ 19(b). Although Musgrave claims that money was stolen from his bank account, he

21  does not assert that this financial loss as an injury recoverable in negligence—for good reason. *Id.* ¶

22  20(d); *see id.* ¶ 87. These out-of-pocket costs—including Cooper's false allegation that she has spent

23  "money" mitigating the effects of the Incident (TAC ¶ 18(d))—are classic examples of economic losses

24  that plaintiffs are barred from recovering in negligence under California law. *Dugas v. Starwood Hotels

25  & Resorts Worldwide, Inc.*, No. 316CV00014GPCBLM, 2016 WL 6523428, at *12 (S.D. Cal. Nov. 3,

26  2016) (claims that "credit card" allegedly compromised in a data breach was stolen by an "unknown third

27  party and used for unauthorized purchases," exposing plaintiff to "losses" "nothing more than pure

28  economic loss" that plaintiff was barred from recovering under the economic loss doctrine); *Castillo v.*

7

*Seagate Tech., LLC*, 16-CV-01958-RS, 2016 WL 9280242, at *4 (N.D. Cal. Sept. 14, 2016) (monetary damages in the form of "out-of-pocket costs related to the false tax returns filed" and "connected with procuring additional identity protection and restoration services" were economic losses that plaintiffs were barred from recovering in negligence under the economic loss doctrine). Notably, plaintiffs allege no exception to the economic loss doctrine in the TAC, even though the parties previously briefed the issue with Quora's Motion to Dismiss the Second Consolidated Amended Complaint. *See generally* TAC; Quora Reply ISO Mot. to Dismiss SCAC at 10-11 (Aug. 22, 2019), ECF No. 62, attached as Exhibit 5 to the RJN. Plaintiffs, therefore, are estopped from attempting to argue that an exception to the economic loss doctrine exists now. *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

## 2.   Plaintiffs' Alleged "Lost Time" Is An "Opportunity Cost" Barred By The Economic Loss Doctrine

All plaintiffs allege that they have lost "time" and "productivity" as an alleged result of the Incident. TAC ¶¶ 17(d), 18(c), (d), 19(c), 20(f), 87(c). Plaintiffs expressly allege that this lost time is an "***opportunity cost***." *Id.* ¶ 54 ("Plaintiffs have also alleged ***loss of time***, *or opportunity cost*, as part of their damages."), ¶ 15 ("Quora Users have . . . suffered ***opportunity loss*** due to the ***time*** they have been required to spend in attempts to mitigate damages caused by the 2018 Data Breach."). Quora respectfully submits that, under California law, plaintiffs' alleged opportunity cost from lost time is an economic harm that plaintiffs are barred from recovering in negligence under the economic loss doctrine.

In the Court's December 19, 2019 Order granting in part and denying in part Quora's Motion to Dismiss the Second Consolidated Amended Complaint, the Court stated that "loss of time" is not "a purely economic loss," relying on *Bass v. Facebook*, 394 F. Supp. 3d 1024 (N.D. Cal. 2019). *Bass*, however, did not rely on any California law, or, indeed, any authority whatsoever, in support of its holding that a loss of time is not a pure economic loss. *Bass*, 394 F. Supp. 3d at 1039. Rather, California courts have long held that "purely economic loss" includes "lost opportunities," which is ***exactly what plaintiffs allege here***. *N. Am. Chem. Co. v. Super. Ct.*, 69 Cal. Rptr. 2d 466, 472 n.8 (Ct. App. 1997); TAC ¶¶ 15, 54, 87(c). Indeed, at the heart of the California Supreme Court's seminal decision on the economic loss rule in products liability cases, *Robinson Helicopter Co., Inc. v. Dana Corp.*, 102 P.3d 268

8

(Cal. 2004), is whether a plaintiff could recover purely economic damages in the form of "employee *time spent* investigating" allegedly defective parts fraudulently concealed by a manufacturer. 102 P.3d at 347. Thus, courts applying California law to negligence claims arising from an alleged data breach have held that "costs associated with time spent and loss of productivity," like plaintiffs claim here, are "pure economic loss[es]," barred by the economic loss doctrine. *Dugas*, 2016 WL 6523428, at *12; *see In re Sony Gaming Networks and Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 961 n.15 (S.D. Cal. 2012) ("'economic loss' includes . . . *lost opportunities*"; dismissing negligence claim arising from alleged compromise of plaintiffs' information in a data breach under economic loss rule (emphasis added) (citing *N. Am. Chem Co.*, 69 Cal. Rptr. 2d 466)). Judge Alsup's statement to the contrary in *Bass* may be true under the laws of other states, but it is not based on California law, which, as set forth by the California Supreme Court in *Robinson Helicopter*, treats losses of time as economic injuries subject to the economic loss doctrine, especially where, as here, plaintiffs claim that their lost time is an "opportunity cost." TAC ¶ 54.

### 3. Lost Personal Information And A Risk Of Future Harm Are Not Injuries Recoverable In Negligence

All plaintiffs allege that the Incident resulted in a loss of their personal information, subjecting them to a risk of future harm. TAC ¶ 87 (a), (d), (e). A loss of personal information, especially where, as here, plaintiffs concede that their personal information did not lose value, is not an "appreciable, nonspeculative, present injury." *Aas*, 12 P. 3d at 1138; *see In re iPhone App. Litig.*, 844 F. Supp. 2d 1040, 1064 (N.D. Cal. 2012) (plaintiffs failed to allege "appreciable, nonspeculative, present injury" based on Apple's alleged negligent exposure of their "highly personal information (including location information) . . . to it and third parties"); *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1031-32 (N.D. Cal. 2012) (unauthorized disclosure of LinkedIn IDs and browsing histories containing embarrassing and sensitive information was not an "appreciable, nonspeculative, present injury" sufficient to maintain a negligence claim under California law where plaintiffs did not allege an inability to further capitalize on their information); *see* Opp. at 5 (July 18, 2019), ECF No. 61 (plaintiffs concede their personal information did not lose value), attached as Exhibit 3 to the RJN.

Plaintiffs' allegations that they suffer a perceived threat of future harm are similarly insufficient

to maintain a claim in negligence as a matter of law. "The breach of a duty causing only speculative harm or the threat of future harm does not normally suffice to create a cause of action." *Aas*, 12 P.3d at 1138 (rejecting argument that the cost of repairing a construction defect can satisfy the present injury requirement of a negligence claim in the absence of physical damage to property or personal injury). Because plaintiffs allege no present injuries that are recoverable in negligence, they cannot assert a negligence claim based on a threat of future harm alone. *See Dugas*, 2016 WL 6523428, at *1, *2, *12 (dismissing negligence claim asserting risk of future harm where present damages, including out-of-pocket losses, were barred by the economic loss doctrine); *In re iPhone App. Litig.*, 844 F. Supp. 2d at 1054 (dismissing negligence claim for failure to allege an "appreciable, nonspeculative, present injury" where plaintiffs alleged "increased, unexpected, and unreasonable risk to the security of sensitive personal information" as a harm).

### 4.    Connor And Cooper Do Not Claim Emotional Distress Injuries In Negligence

Cooper and Connor allege that they have experienced "stress, fear, and anxiety, on a near-daily basis" since learning of the Incident. TAC ¶¶ 18(d), 19(c). However, they do not claim this as an injury allegedly resulting from Quora's negligence. *See* TAC ¶ 87. Nor could they. They do not allege any "severe emotional damage," and they do not and cannot plausibly allege that the breach of their non-sensitive and non-financial information would cause a "reasonable man, normally constituted" to be "unable to adequately cope with the mental stress" caused by the Incident, and they cannot, therefore, state a claim for negligent infliction of emotional distress under California law. *Wong v. Jing*, 117 Cal. Rptr. 3d 747, 767 (2010) (allegations of "severe emotional damage" and that a plaintiff was "very emotionally upset[]," and had an upset stomach insufficient to state a claim for negligent infliction of emotional distress). Their alleged emotional distress cannot, therefore, save their legally insufficient negligence claims.

Because (1) Connor's, Musgrave's, and Cooper's allegations of financial loss (if any) are barred by the economic loss doctrine; (2) plaintiffs' allegations of lost time are barred by the economic loss doctrine; and (3) plaintiffs' lost personal information and perceived risk of future identity theft are not harms recoverable in negligence, plaintiffs' negligence claim should be dismissed in its entirety for failure to state a claim.

C.  **Plaintiffs Fail To Allege A Plausible Claim Under The UCL**

1.      **Plaintiffs Have Not Pled Fraud With Particularity**

A claim for a fraudulent business practice under Cal. Bus. & Prof. Code § 17200 *et seq.* must meet the heightened pleading standard of Fed. R. Civ. P. 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake." Fed. R. Civ. P. 9(b). Plaintiffs must include "an account of the time, place, and specific content of the false representations" at issue. *Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007). Claims under the UCL are "governed by the 'reasonable consumer' test." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016). "Under this standard, Plaintiff must show that members of the public are likely to be deceived." *Id.*

Plaintiffs' UCL claim is grounded in fraud. Plaintiffs allege that Quora's "representations and omissions" regarding the security of their data on the Quora Platform were "capable of deceiving a substantial portion of the purchasing public" and "fraudulent." TAC ¶¶ 70, 73, 77, 78. These allegations must meet the requirements of Rule 9(b), which plaintiffs have not done and cannot do. *See Beecher v. Google N. Am., Inc.*, No. 18-CV-00753-BLF, 2018 WL 4904914, at *1 (N.D. Cal. Oct. 9, 2018) (Freeman, J.) (claims under UCL that Google "materially misrepresented the functionality of its mobile phone and data services program" and "falsely promised customers that they would not be charged for mobile data when they were connected to WiFi" were grounded in fraud and subject to Rule 9(b)'s heightened pleading requirements; dismissing UCL claims for failure to satisfy Rule 9(b)).

a.  **Plaintiffs Cannot Maintain A UCL Claim Based On Non-Actionable Puffery**

"[G]eneralized, vague, and unspecific assertions, constitute[ ] 'mere puffery' upon which a reasonable consumer could not rely," and are not actionable under the UCL. *Glen Holly Entm't, Inc. v. Tektronix Inc.*, 343 F.3d 1000, 1015 (9th Cir. 2003). Plaintiffs contend that they were misled by an "explicit and implied guaranteed that their personal information was secure and protected" on the Quora Platform. TAC ¶ 73. However, the only *specific* statement by Quora related to data security that plaintiffs identify in the TAC is too vague to deceive a reasonable consumer: "The security of your information is important to us. Quora has implemented safeguards to protect the information we collect." TAC ¶ 34.

In *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK, 2017 WL

3727318 (N.D. Cal. Aug. 30, 2017), Judge Koh held that Yahoo's vague statements regarding protecting consumer information were non-actionable puffery as a matter of law: "protecting our systems and our users' information is paramount to ensuring Yahoo users enjoy a secure user experience and maintaining our users' trust . . . ." *Id.* at *2. Judge Koh reasoned that because the statement "says nothing about the specific characteristics" of the products or services defendants offered, it was "all-but-meaningless superlative" regarding how defendants "prioritize the safety of their systems and their users' information." *Id* at*26.* "A reasonable consumer could not rely on this statement as describing the security of Defendants' servers." *Id.* Just as in *In re Yahoo!*, Quora's vague statement that security of user information is "important" and it has "safeguards" to protect information it collects makes no promises regarding "specific characteristics" of any security features Quora may offer regarding plaintiffs' information, and it is, therefore, simply superlatives regarding the value that Quora places on the security of information. No reasonable consumer could rely on such a non-descriptive statement as a matter of law. *See Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200, 1206-07 (9th Cir. 2016) (company's statement that "strong credit culture and underwriting integrity remain paramount at CVB" non-actionable puffery).

### b.  Plaintiffs Do Not Allege Fraudulent Intent

Plaintiffs' UCL claim arises in promissory fraud because the only allegedly false representation from Quora that they identify is in its Privacy Policy. TAC ¶ 34. "To maintain an action for deceit based on a false promise, one must specifically allege . . . that the promisor did not intend to perform at the time he or she made the promise and that it was intended to deceive or induce [plaintiffs] to do . . . a particular thing." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. Rptr. 2d 861, 863–64 (Ct. App. 1991). Plaintiffs do not allege that Quora did not intend to "safeguard" their information when they allegedly agreed to Quora's Privacy Policy. *See* TAC ¶ 77; *Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n*, 291 P.3d 316, 325 (2013) ("Proof of intent not to perform is required. It is insufficient to show an unkept but honest promise, or mere subsequent failure of performance."). To the contrary, plaintiffs acknowledge that Quora did not intend for the Incident to occur. *E.g.*, TAC ¶ 37. They have not, therefore, alleged fraudulent intent on behalf of Quora.

//

12

### c. Plaintiffs Agreed To Dismiss Their Nondisclosure Claims With Prejudice

To the extent plaintiffs are attempting to allege a separate fraudulent business practice based on perceived omissions, the claim should be rejected as an improper attempt to circumvent this Court's prior Order dismissing their deceit by concealment claim with prejudice. TAC ¶¶ 73, 77 (alleging that "acts and omissions" deceived plaintiffs). The elements of a claim for deceit by concealment and a fraudulent nondisclosure in violation of the UCL under California law are materially identical. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1146 (9th Cir. 2012) ("one commits fraudulent deceit 'who willfully deceives another with intent to induce him to alter his position to his injury or risk'" (citing Cal. Civ. Code § 17099)); *Kearns*, 567 F.3d at 1126 (elements of a cause of action for fraudulent "nondisclosure" under California law are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity . . . (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage"). Plaintiffs make the same allegations in the TAC regarding Quora's alleged nondisclosure of alleged inadequate security measures as they alleged in their Second Consolidated Amended Complaint, ECF. No. 55 ("SAC"). *Compare* TAC ¶¶ 73, 77 ("Plaintiffs . . . were deceived by Defendant's failure to properly implement adequate, commercially reasonable security measures to protect their personal information"; "Plaintiffs . . . would not have created a Quora account and/or provided PII to Quora had they known that Defendant . . . failed to employ necessary and adequate protection of their personal information"), *with* SAC ¶¶ 85, 91 (RJN, Ex. 6) (Quora "willfully deceived" plaintiffs "by concealing the true facts concerning their data security, which Defendant was obligated to, and had a duty to, disclose" and allegedly representing "that their PII and other data was safe, and that Quora was dedicated to maintaining that security").

Accordingly, because plaintiffs' deceit by concealment claims have been dismissed with prejudice for failure to state a claim, their claim under the UCL based on any alleged omissions must be dismissed as well. Order at 10; *see Wilson*, 668 F.3d at 1146 (analyzing deceit by concealment and UCL claims together and dismissing both for failure to allege fraudulent intent).

### d. Plaintiffs' Nondisclosure Claims Are Implausible

Moreover, plaintiffs' insinuation that Quora failed to disclose that it would not provide them

adequate notice of the Incident at the time plaintiffs created their accounts is also *disingenuous* and *untrue*. TAC ¶¶ 73, 77. Plaintiffs allege no specific facts to show how Quora's disclosures to them regarding the Incident were inadequate, and they have not, therefore, provided Quora "notice of the particular misconduct" alleged "so that [it] can defend against the charge and not just deny that [it has] done anything wrong" as Rule 9(b) requires. *Kearns*, 567 F.3d at 1124; *see Hoey v. Sony Elecs. Inc.*, 515 F. Supp. 2d 1099, 1106 (N.D. Cal. 2007) (allegations that "Sony concealed from and/or failed to disclose" "the true defective nature of the Affected Computers" were so "general that the same statement could be made of regarding any design defect in any product" and failed to state a claim for fraudulent concealment under California law). Any omission claims tied to Quora's notices to plaintiffs regarding the Incident are also contradicted by plaintiffs' own allegations and the notices themselves. *See* TAC ¶¶ 17(a), 18(a), 19(a), 20(a) (alleging that all plaintiffs received notices identical to Exhibit A), Ex. A. Quora notified plaintiffs of the Incident *within three (3) calendar days—one (1) business day*—of discovery. *See supra* § II(B); TAC, Ex. A; RJN, Ex. 2 (Quora discovered the Incident on November 30, 2018). The specific and detailed disclosures that Quora provided to plaintiffs, listing their information potentially compromised in the Incident, were indisputably *voluntary*—because the Incident did not result in the breach of plaintiffs' sensitive personal information or unencrypted passwords that could be used to login to an online account. *See* Cal. Civ. Code §§ 1798.81.5(d), 1798.82(h); *supra* § II(B); *e.g.*, TAC, Ex. A. The notices to plaintiffs also follow the format required for mandatory notices under California law. *Compare* TAC, Ex. A *with* Cal. Civ. Code § 1798.82(d)(1)(D). For these reasons, plaintiffs *conceded* that their claims under the California Customer Records Act for delayed or insufficient notice of the Incident should be dismissed *with prejudice*. Order at 10. It is, therefore, incredulous lawyering for plaintiffs to now attempt to manufacture a UCL claim based on any statements related to the fulsome and voluntary disclosures that Quora promptly provided them within days of discovering the Incident.

### 2. Huynh And Cooper Lack Statutory Standing

In addition to the above grounds that warrant dismissal of plaintiffs' UCL claim in its entirety, the claim should be dismissed as to Huynh and Cooper because they lack statutory standing. Statutory

standing under the UCL requires plaintiffs to plausibly allege "personal, individualized loss of money or property in any nontrivial amount." *Kwikset Corp. v. Sup. Ct.*, 246 P.3d 877, 887 (Cal. 2011). Huynh alleges no lost money or property whatsoever. *See* TAC ¶ 17. Cooper's conclusory allegation of "money" spent mitigating perceived results of the Incident is untrue because any credit monitoring she allegedly uses is free. *See* TAC ¶ 18(d); RJN, Ex. 4, Hearing Tr. at 28:20-23. Allegations of lost time or stress "do not constitute loss or deprivation of money or property sufficient to satisfy the economic injury requirement" under the UCL. *Reichman v. Poshmark, Inc.*, 267 F. Supp. 3d 1278, 1287 (S.D. Cal. 2017). This Court has already held that allegations of lost personal information are not sufficient to establish statutory standing under the UCL. *See* Order at 11-12 (Dec. 19, 2019), ECF No. 72. Huynh and Cooper's claims under the UCL should be dismissed with prejudice for lack of statutory standing.

### D.  Plaintiffs Fail To State A Claim For Breach Of Contract Or Breach Of Confidence

#### 1.  Quora's Limitation Of Liability Bars Plaintiffs' Breach Of Contract And Breach Of Confidence Claims

The Court has already upheld the limitation of liability in Quora's Terms of Service as valid, enforceable, and not unconscionable under California law. Order at 17-18. In the limitation of liability, Quora disclaims any "warranty of any kind, express or implied" arising from plaintiffs' use of the Quora Platform, and Quora disclaims "any and all warranties and conditions of merchantability, title, accuracy and completeness, uninterrupted or error-free service . . . ." TAC, Ex. B ¶ 8(a). Plaintiffs further agreed that "to the maximum extent permitted by law," Quora "will not be liable to you under any theory of liability." *Id.* ¶ 8(c). Courts have held that this language is enforceable to bar claims for breach of express contract and breach of confidence under California law. *See Bass*, 394 F. Supp. 3d at 1037 (disclaimer that Facebook would "always will be safe, secure, or error-free," and stating that "our liability shall be limited to the fullest extent permitted by applicable law" enforceable to bar claims for breach of contract and breach of confidence arising from alleged data breach on Facebook's servers). Plaintiffs' argument that the limitation of liability violates Cal. Civ. Code § 1668 has been rejected by the Ninth Circuit: Section 1668 "does not prohibit parties from limiting liability for breach of contract . . . ." *Darnaa, LLC v. Google LLC*, 756 F. App'x 674, 676–77 (9th Cir. 2018); *see* TAC ¶ 105.

//

### 2. Huynh, Cooper, And Connor Do Not Allege Actual Damages

Plaintiffs' Huynh's, Cooper's, and Connor's breach of contract claims should be dismissed for the additional reason that they have not cured the deficiency identified by the Court's Order—their failure to allege actual damages. Order at 15-16. "An essential element of a claim for breach of contract are damages resulting from the breach." *St. Paul Fire & Marine Ins. Co. v. Am. Dynasty Surplus Lines Ins. Co.*, 124 Cal. Rptr. 2d 818, 834 (Cal. 2002) (emphasis omitted).

Huynh alleges no damage whatsoever. TAC ¶ 17; Order at 15 (holding that nominal damages are not sufficient to maintain a claim for breach of contract). Connor's alleged purchase of enhanced credit monitoring is not an actual damage recoverable for a breach of contract because she does not allege that she has suffered any actual instances of identity theft. TAC ¶ 19; Order at 16 ("Plaintiffs have not alleged that they suffered from any identity theft—only that they are at an increased risk of identity theft—and therefore 'there are no damages to mitigate'"). Cooper's conclusory allegation that she has spent "money" mitigating the Incident is untrue, *see* RJN, Ex. 4, Hearing Tr. at 28:20-23, and further fails because she also does not allege any actual identity theft. TAC ¶ 18(d); Order at 16. Connor's and Cooper's alleged emotional distress damages are not recoverable for a breach of contract under California law. *Erlich v. Menezes*, 981 P.2d 978, 987 (Cal. 1999). Because Huynh, Cooper, and Connor have failed to cure this deficiency through amendment (indeed, the TAC is their fifth operative complaint), their breach of contract claims should be dismissed with prejudice. *Huynh/Cooper*, ECF Nos. 1, 25, 55, 85; *Cooper*, ECF No. 1. *Merritt v. Countrywide Fin. Corp.*, No. 09-CV-01179-BLF, 2016 WL 6573989, at *14 (N.D. Cal. June 29, 2016) (Freeman, J.) (dismissing with prejudice when "leave to amend" sought "a fifth time"); *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) ("repeated failure to cure deficiencies by amendments previously allowed" warrants dismissal with prejudice).

### 3. Plaintiffs Have Not Cured The Deficiencies In Their Breach Of Confidence Claim

The Court previously dismissed plaintiffs' breach of confidence claim because it was not "based on an implied obligation or contract," as the law requires, but impermissibly "predicated on Quora's Privacy Policy," "an express contract." Order at 14. Inexplicably, plaintiffs again assert that their breach of confidence claim arises from an "expectation that [their] PII would be . . . protected in confidence,"

---

16

based on their relationship with Quora "governed by [Quora's] Privacy Policy." TAC ¶ 110; *see also* SAC ¶ 108 (Apr. 25, 2019), ECF No. 55 (identical allegation) (attached as Ex. 6 to RJN). This claim must be dismissed for the reasons the Court previously held.

Plaintiffs' new theory that Quora owed them an "implied obligation" to "promptly inform [them]" of any breach of the Privacy Policy, *see* TAC ¶ 111, is not a breach of confidence claim at all, but an improper attempt to re-assert a breach of implied contract claim that the Court has already dismissed without leave to amend. Order at 16-18. A breach of confidence is based on an implied obligation "that confidential information will not be disclosed." *Berkla v. Corel Corp.*, 302 F.3d 909, 917 (9th Cir. 2002). Putting aside the fact that plaintiffs do not even attempt to allege that they provided confidential and novel information to Quora in connection with this theory, their allegation that Quora did not promptly notify them of a breach of the Privacy Policy (which is false) purports to *require* a *disclosure* from Quora, which is contrary to the very essence of a breach of confidence claim under California law. *See Berkla*, 302 F.3d at 917 (breach of confidence claim requires allegation that a plaintiff "conveyed confidential and novel information," "in confidence," which a defendant disclosed in violation of an "understanding" that "the confidence be maintained").

## IV.   CONCLUSION

For the foregoing reasons, plaintiffs' claims should be dismissed with prejudice.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

For the Court's ease of reference, Quora has included a chart as **Exhibit A** that summarizes plaintiffs' alleged injuries and Quora's grounds for dismissal all of claims that plaintiffs allege.

DATED:  February 28, 2020

GREENBERG TRAURIG, LLP

By: _/s/ Ian C. Ballon_
     Ian C. Ballon
     Rebekah S. Guyon

Attorneys for defendant Quora, Inc.

# EXHIBIT A

| Plaintiff | Loss of Personal Information (But No Loss in Value) | Lost Time Mitigating Potential Future Harm | Emotional Distress | Financial Loss |
|---|---|---|---|---|
| **Harms Alleged** | | | | |
| **Huynh** | ¶ 17(a), RJN, Ex. 3, Opp. at 5, ECF No. 61[1] | "one hour per week on the phone and/or monitoring accounts" TAC ¶ 17(d) | None alleged | None alleged |
| **Cooper** | ¶ 18(a), RJN, Ex. 3, Opp. at 5, ECF No. 61 | "out of concern for potentially fraudulent activity," Cooper cancelled a credit card allegedly "linked to Quora" TAC ¶ 18(c); "time, money, and effort on a near-weekly basis monitoring accounts" TAC ¶ 18(d) | "stress, fear, and anxiety" "on a near-daily basis" TAC ¶ 18(d) | None- her credit monitoring is free. RJN, Ex. 4, Hearing Tr. at 28:22-23. |
| **Connor** | ¶ 19(a), RJN, Ex. 3, Opp. at 5, ECF No. 61 | "time, money, and effort on a near-weekly basis monitoring accounts" TAC ¶ 19(c) | "stress, fear, and anxiety" "on a near-daily basis" TAC ¶ 19(c) | Spent "between $40 and $100" for "enhanced credit monitoring" TAC ¶ 19(b) |
| **Musgrave** | ¶ 20(a), RJN, Ex. 3, Opp. at 5, ECF No. 61 | "one hour per week following the [Incident] monitoring accounts" TAC ¶ 19(f); "40 hours to remedy" a credit card allegedly opened in his name and money allegedly stolen from his bank account. *Id.* | None alleged | "$7,000 was taken" from Musgrave's "bank account without his permission" TAC ¶ 19(e) |
| **Legal Insufficiency of Harms and Claims Alleged** | | | | |
| **Negligence** | Not an appreciable, nonspeculative, present injury, *see* MTD § III.B.3. | Lost "opportunity cost" barred by the economic loss doctrine, *see* MTD § III.B.2. | Not allegedly caused by Quora's alleged negligence, and insufficient to state a claim for negligent infliction of emotional distress, *see* MTD § III.B.4. | Barred by the economic loss doctrine, *see* MTD § III.B.1. |
| **UCL** | Not a loss of money or property, *see* MTD § III.C.2. | Not a loss of money or property, *see* MTD § III.C.2. | Not a loss of money or property, *see* MTD § III.C.2. | Based on non-actionable puffery, does not satisfy Rule 9(b), no plausible omissions alleged, *see* MTD § III.C.1 |
| **Breach of Contract** | Not an actual damage, *see* MTD § III.D.2. | Not an actual damage, *see* MTD § III.D.2. | Not an actual damage, *see* MTD § III.D.2. | See below |
| **Breach of Confidence** | Barred by limitation of liability in Quora's TOS, *see* MTD §§ II.C., III.D.1, Order at 10, ECF No. 72. Improperly based on express contract; no disclosure of confidential or novel information alleged, *see* MTD § III.D.3. | | | |

---

[1] Defined terms have the meanings set forth in Quora's Motion to Dismiss ("MTD"). For ease of the Court's reference, Quora has condensed this chart to one page. However, when expanded in accordance with N.D. Cal. R. 3-4(c)(2), the chart is three pages and is within the 25-page limit set by the Local Rules when combined with the Motion to Dismiss and RJN.

*ACTIVE 49201903*

Exhibit A