Ian C. Ballon (State Bar No. 141819)
**GREENBERG TRAURIG, LLP**
1900 University Avenue, 5th Floor
East Palo Alto, California 94303
Telephone: 650.328.7881
Facsimile: 650.462.7881
Email: Ballon@gtlaw.com

Rebekah S. Guyon (State Bar No. 291037)
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
Email: GuyonR@gtlaw.com

*Attorneys for Defendant Quora, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA COOPER, JERI CONNOR, and RICK MUSGRAVE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> QUORA, INC., a Delaware corporation, <br><br> Defendant. | Case No.: 5:18-cv-07597-BLF-NC <br><br> Magistrate Judge Nathanael M. Cousins <br><br> **DEFENDANT QUORA, INC.'S MOTION TO COMPEL PLAINTIFFS' REMOTE VIDEO DEPOSITIONS** |

Defendant Quora, Inc. submits this motion pursuant to the Court's standing order requesting that the Court order plaintiffs to appear for their remote video depositions within twenty-one (21) days, or, alternatively, stay discovery until the applicable orders allow for live depositions of all plaintiffs. Quora has sought unsuccessfully for more than three months to schedule first live, and now remote video depositions of plaintiffs. It took *six weeks*, two meet and confer sessions, and multiple emails and calls starting in January to confirm dates for plaintiffs' depositions in late March. Since then, plaintiffs unilaterally took their depositions off calendar and now refuse to even discuss dates for remote depositions (after initially proposing them), while declining a general stay of discovery.

The parties conferred on dates for plaintiffs' depositions on February 12, which Quora had served notices for on January 24. Over the course of the next month, Quora called and emailed plaintiffs multiple times and finally, on March 10, confirmed dates that all plaintiffs were available for their depositions in late March. During these conferences, counsel for Erica Cooper *suggested that the parties participate in remote video depositions because of the pandemic*.

On March 13, counsel for Rick Musgrave advised that his deposition would need to be "postponed or *taken by video*" because Musgrave is at risk for the coronavirus. Counsel for Jeri Connor advised on the same day that she would not appear for her deposition because of the "coronavirus pandemic" and "[t]he CDC has advised against non-essential plane travel for older adults, a category that includes both Mr. Azar and me." Quora agreed to postpone live depositions (because these concerns are reasonable), but requested dates for remote video depositions. Plaintiffs' counsel declined. Quora also produced documents on March 3, 13, and 26.

The parties conferred by telephone on March 23, and Quora again proposed taking plaintiffs' depositions remotely by video. Plaintiffs' counsel refused to reschedule their depositions, citing the pandemic, but providing no reason for not going forward with remote video depositions. The parties reached a stalemate and "agreed to disagree" on this issue.

Since that time, it has become clear that in-person depositions may not go forward before the Fall, if not later, and for Musgrave and Mr. Wood and Mr. Azar, likely much longer given their legitimate health concerns. Meanwhile, the use of remote deposition technology has also become

widespread.[1] Plaintiffs have provided no reason for waiting for live depositions.

Accordingly, on April 22, counsel for Quora provided plaintiffs' counsel with Quora's portion of a proposed joint statement per the Court's standing order. In response, plaintiffs still offered no rationale for refusing remote depositions, but raised a cornucopia of alleged deficiencies in Quora's document production. Plaintiffs also communicated (in response to an earlier email request that they revisit their position to avoid having to burden the Court) that they would not discuss new dates for depositions first noticed three months ago until after plaintiffs' counsel's perceived disputes with Quora's discovery responses are resolved.[2] However, "it is improper for plaintiffs to refuse to attend depositions until after plaintiffs' discovery is completed." *Zamora v. D'Arrigo Bros. Co. of Cal.*, C04-00047 JW (HRL), 2006 WL 931728, at *5 (N.D. Cal. Apr. 11, 2006). "[M]ethods of discovery may be used in any sequence, and discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3)(A), (B). Rule 26(d)(3) "eliminate[s] any fixed priority in the sequence of discovery." *Id.*, advisory committee notes.

Plaintiffs should be ordered to appear for their remote video depositions within twenty-one (21) days. Their refusal to participate in remote depositions does not even make sense because ***plaintiffs' counsel themselves first proposed remote video depositions,*** before ultimately changing their minds.[3] And their apparent desire to control the sequence of discovery is unreasonable and improper. If they have other discovery concerns, they should meet and confer pursuant to Local Rule 37 and, if necessary, bring their own motion. If plaintiffs are unwilling to go forward with remote depositions because of the pandemic, then discovery should be stayed until the applicable shelter-in-place orders are lifted. *Libutan v. MGM Grand Hotel LLC*, 220CV00304RFBNJK, 2020 WL 1434440, at *2 (D. Nev. Mar. 24, 2020). It is unreasonable for plaintiffs to proceed with only the discovery they want from Quora but refuse to provide Quora the discovery it needs for its defense.

---

[1] For example, Veritext provides a remote deposition service that allows all parties to participate from their respective homes using personal devices, with virtual breakout rooms. *Veritext Virtual*, VERITEXT.COM, https://www.veritext.com/services/veritext-virtual/ (visited Apr. 20, 2020).
[2] Quora expects plaintiffs to raise the same non-specific objections in their opposition. The parties have not met and conferred on any specific document requests to which Quora has failed to respond (which Quora is happy to do).
[3] If plaintiffs raise new arguments in opposition, Quora requests an opportunity to respond.

Respectfully submitted,

Dated: April 24, 2020

**GREENBERG TRAURIG, LLP**

By: /s/ Ian C. Ballon
Ian C. Ballon
Rebekah S. Guyon

*Attorneys for defendant Quora, Inc.*