| | |
|---|---|
| L. Timothy Fisher (State Bar No. 191626)<br>Blair E. Reed (State Bar No. 316791)<br>Brittany S. Scott (State Bar No. 327132)<br>**BURSOR & FISHER, P.A.**<br>1990 N. California Boulevard, Suite 940<br>Walnut Creek, CA 94596<br>Telephone: (925) 300-4455<br>Facsimile: (925) 407-2700<br>E-Mail: ltfisher@bursor.com<br>        jsmith@bursor.com<br>        breed@bursor.com<br>        bscott@bursor.com | Ivy T. Ngo (State Bar No. 249860)<br>**LAW OFFICE OF IVY T. NGO**<br>60 Lehigh Aisle #90<br>Irvine, CA 92612<br>Telephone: (949) 401-7388<br>Facsimile: (530) 934-2334<br>Email: itngo@sudomail.com<br><br>*Attorneys for Plaintiff Erica Cooper* |

*Attorneys for Plaintiff Rick Musgrave*

Franklin D. Azar (*pro hac vice*)
Paul R. Wood (*pro hac vice*)
Margeaux R. Azar (*pro hac vice*)
**FRANKLIN D. AZAR & ASSOCIATES, P.C.**
14426 East Evans Avenue
Aurora, CO 80014
Telephone:   (303) 757-3300
Facsimile:    (720) 213-5131
Email: azarf@fdazar.com
       woodp@fdazar.com
       azarm@fdazar.com

*Attorneys for Plaintiff Jeri Connor*

*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERICA COOPER, JERI CONNOR, and RICK MUSGRAVE, individually and on behalf of all others similarly situated,<br><br>                         Plaintiffs,<br>  v.<br><br>QUORA, INC., a Delaware corporation,<br><br>                         Defendant. | Case No. 5:18-cv-07597-BLF-NC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT QUORA'S MOTION TO COMPEL PLAINTIFFS' REMOTE VIDEO DEPOSITIONS**<br><br>Magistrate Judge Nathanael Cousins |

## I. QUORA HAS FAILED TO COMPLY WITH ITS DISCOVERY OBLIGATIONS

Quora's motion[1] mischaracterizes the history of meeting and conferring. The primary topic of the meet and confer exchanges was Quora's failure to produce documents responsive to Plaintiffs requests served in April 2019. Quora has produced fewer than 50 pages of documents in a data breach case that affected over 37 million US users. Quora's insistence on the need to depose Plaintiffs is a ploy to get Plaintiffs to stop insisting that Quora meet its discovery obligations.

Quora has promised to produce documents on numerous occasions but failed to do so. Quora represented in the fall of 2019 that it would produce documents necessary to make the parties' January 2020 mediation productive but failed to do so. On February 7, 2020 Quora's counsel assured Plaintiffs that Quora would "produce all of Quora's documents responsive to Plaintiffs' RFPs that might be used as exhibits at their depositions by February 24, so that you and your clients will have ample time to review before the March dates." Quora further agreed to "produce the balance of Quora's documents to you by March 13, 2020." Based on those representations, Plaintiffs agreed to schedule Plaintiffs schedule their depositions for the end of March 2020. On March 16, 2020, after Plaintiffs pointed out that Quora failed to produce any documents as promised, Quora's counsel stated: "We do not agree to postponing her deposition on the basis of any documents produced or not produced by Quora. We are under no obligation to provide you deposition exhibits ahead of time, which would clearly violate the work product doctrine." Plaintiffs had not asked for Quora's deposition exhibits. After the March 23, 2020 call, Plaintiffs agreed to Quora's proposed March 26 deadline to complete production of documents but rejected Quora's "quid pro quo" tying Quora's production to scheduling Plaintiffs' depositions. Quora again failed to produce documents by its own deadline. On April 16, Quora's counsel anticipated "producing additional documents early next week." Quora once again failed to produce documents by its own deadline. On April 22, Quora's counsel promised: "We are still planning to produce additional, but not a large number, of documents to plaintiffs as soon as we can. The

---

[1] Yesterday, Plaintiffs provided Defendant's counsel with their section of a joint discovery dispute statement. Defendant made additional changes to its section in the afternoon and Plaintiffs requested until Monday to review and finalize the statement. Rather than wait until Monday, Defendant unilaterally filed its motion at 11:48 p.m. on Friday night without Plaintiffs' portion.

documents we are gathering evidence when plaintiffs created their accounts and the TOS that they assented to at the time." But Quora has not committed to a date to produce the documents.

Plaintiffs are willing to be deposed, but want a level playing field. Quora is claiming that Plaintiffs' personal identifying information was not compromised in the breach but have refused to produce any documents supporting that position. Plaintiffs are entitled documents relevant to their accounts that were requested over a year ago, that Quora promised to produce, and that may show what information Plaintiffs provided to Quora before being deposed by Quora.

## II. DEPOSITIONS AT THIS TIME PUT PLAINTIFFS AT RISK

Plaintiffs do not agree to remote depositions at this time and should not be required to compromise their safety to meet Quora's demands. Further, when they previously suggested remote depositions, Plaintiffs' counsel intended upon appearing at the "remote" locations which were not necessarily at the Plaintiffs' respective residences, and cannot adequately defend them remotely. Quora's second Motion to Dismiss is still pending, Quora has not filed an answer or asserted any affirmative defenses, and there are no imminent discovery deadlines in the case. Depositions at this stage are burdensome to all Plaintiffs. Plaintiff Connor lives in a small town more than 100 miles south of Denver and would be required to travel to Denver and stay overnight to prepare for her deposition, at a time when the state of Colorado is under a stay at home order. Plaintiff Musgrave would be similarly burdened by a deposition. Mr. Musgrave is over the age of 65 and suffers from chronic lung disease, placing him at greater risk for COVID-19 complications.

Finally, Plaintiff Cooper would be unduly prejudiced. Ms. Cooper is a certified nursing assistant on the front line of the current pandemic working six days a week in the second hardest hit state in the country, New Jersey. Courts in other jurisdictions faced with this precise issue have placed limits on doctors and other medical professionals being required to sit for depositions during the pandemic.[2] Accordingly, Ms. Cooper requests that any live deposition be limited to two hours or that her deposition be taken by written questions. Plaintiffs propose that written discovery and document production continue, with both sides to schedule depositions when the Stay at Home Orders are lifted.

---

[2] *See* https://www.reuters.com/article/covid19-court-idUSL1N2BG1UI (last visited 4/23/2020).

PLAINTIFFS' OPPOSITION TO MOTION TO COMPEL  2
CASE NO. 5:18-CV-07597-BLF-NC

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: April 25, 2020 | **BURSOR & FISHER, P.A**. |
| 3 | | By:    */s/ L. Timothy Fisher* |
| | |        L. Timothy Fisher |

Dated: April 25, 2020          **BURSOR & FISHER, P.A**.

By:   */s/ L. Timothy Fisher*
      L. Timothy Fisher

L. Timothy Fisher (SBN 191626)
Blair E. Reed (SBN 316791)
Brittany S. Scott (SBN 327132)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com
      breed@bursor.com
      bscott@bursor.com

*Attorneys for Plaintiff Rick Musgrave*

**FRANKLIN D. AZAR & ASSOCIATES, P.C**.
Franklin D. Azar (*pro hac vice*)
Margeaux R. Azar *(pro hac vice)*
14426 East Evans Avenue
Aurora, CO 80014
Telephone: (303) 757-3300
Facsimile: (720) 213-5131
Email: azarf@fdazar.com
      azarm@fdazar.com

**FRANKLIN D. AZAR & ASSOCIATES, P.C**.
Paul R. Wood (*pro hac vice*)
6161 South Syracuse Way, Suite 200
Greenwood Village, CO 80111
Telephone: (303) 757-3300
Facsimile: (720) 213-5131
Email: woodp@fdazar.com

*Attorneys for Plaintiff Jeri Connor*

Ivy T. Ngo (State Bar No. 249860)
**LAW OFFICE OF IVY T. NGO**
60 Lehigh Aisle #90
Irvine, CA 92612
Telephone: (949) 401-7388
Facsimile: (530) 934-2334
Email: itngo@sudomail.com

*Attorneys for Plaintiff Erica Cooper*

**CAPSTONE LAW APC**
Steven R. Weinmann (SBN 190956)
Steven.Weinmann@capstonelawyers.com
Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com

Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Trisha K. Monesi (SBN 303512)
Trisha.Monesi@capstonelawyers.com
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:  (310) 556-4811
Facsimile:  (310) 943-0396

*Attorneys for Plaintiffs*