UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA COOPER, JERI CONNOR, and RICK MUSGRAVE individually, and on behalf of a class of similarly situated individuals,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>QUORA, INC., a Delaware corporation,<br><br>　　　　　Defendant. | CASE NO.:  5:18-cv-07597-BLF (NC)<br><br>**ORDER GRANTING DEFENDANT QUORA, INC.'S MOTION TO (1) DISQUALIFY ENTERPRISE KNOWLEDGE PARTNERS, LLC BASED ON ITS RETENTION BY BOTH PARTIES AND (2) COMPEL PRODUCTION OF FACTUAL DOCUMENTS ON QUORA PROVIDED BY ENTERPRISE KNOWLEDGE PARTNERS TO PLAINTIFFS** |

　　　　The Court has considered the Joint Statement Regarding Defendant Quora's Motion to (1) Disqualify Enterprise Knowledge Partners, LLC Based on its Retention by Both Parties and (2) Compel Production of Factual Documents on Quora Provided by Enterprise Knowledge Partners (EKP) to Plaintiffs, ECF 123; the proposed orders filed by both parties at ECF 128 and 130; and the oral argument presented earlier today.  Based on the facts and arguments presented, the Court hereby ORDERS that

Quora's Motion is GRANTED. As detailed below, the Court DISQUALIFIES EKP from the case and ORDERS discovery from plaintiffs as to the information and documents provided by EKP.

**I.      Relevant Facts**

This case is a putative class action concerning the alleged failure by defendant Quora to protect Personal Identifying Information of approximately 100 million Quora users. ECF 85. The core of the present dispute arises from the retention of the same consulting expert by both sides of the case. The expert discussed in this order is Enterprise Knowledge Partners, LLC, including its managing partner Mary Frantz.

Quora's counsel, Greenberg Traurig, LLP (GT) represented that it reached out to Frantz regarding possible retention as a consultant for this case in March 2019. Motion at 1. Following EKP's confirmation that it had no conflicts with retention by GT in connection with the claims plaintiffs assert against Quora here, GT attorneys Rebekah S. Guyon and Vishesh Narayen represent that they spoke with Ms. Frantz on April 1, 2019 for over an hour on the phone during which time they disclosed various aspects of GT's strategy for defending Quora in this case. *Id.* Ms. Guyon and Mr. Narayen have informed the Court that on April 1, 2019, they discussed with Ms. Frantz why GT had contacted her, GT's plans for her testimony on topics including cybersecurity and Quora's security, the strengths and weaknesses of potential theories that may be raised, and how Ms. Frantz's testimony would fit into GT's strategy, including in motion practice, at trial, based on the complaints and plaintiffs' anticipated arguments. Ms. Guyon and Mr. Narayen represent that they spent substantial time discussing one claim in particular and asked Ms. Frantz how she would develop her opinion about that claim. GT discussed the pros and cons of methods that she could use to form an opinion on Quora's security, and GT suggested several methods that she could use. *Id.* GT informed Ms. Frantz that it wanted to retain EKP but would not need her for some time because Quora planned to file a motion to dismiss (which was not a public fact at that time). *Id.* According to GT, from April 30 through June 5, Ms. Frantz and EKP revised a retention letter for this matter, including over additional phone calls, which they ultimately executed. *Id.* The retention letter includes a confidentiality agreement.

Plaintiffs' counsel represents that they subsequently retained EKP on October 3, 2019 for this case. Ms. Frantz then helped plaintiffs' counsel develop a damages model for the parties' mediation on

January 8, 2020. Motion at 4. EKP also ran a vulnerability scan (a "Burp Suite" scan) on the Quora website, which Ms. Frantz interpreted for plaintiffs' counsel. *Id.* Plaintiffs disclosed the damages model and results of the Burp Suite scan to Quora in their mediation brief. *Id.*

GT asserts that it discovered EKP's apparent conflict when it recently contacted Ms. Frantz for further assistance on this case. GT represents that Ms. Frantz initially informed Ms. Guyon, Mr. Narayen, and Mr. Ballon on June 15, 2020 that neither she nor EKP was retained by plaintiffs' counsel for this case and she had done no work for plaintiffs' counsel, but one of her analysts, Jared Palmer had provided the Burp Suite scan of the Quora website (but no analysis of the scan) to Paul Wood or Ivy Ngo of the Azar firm without her knowledge in connection with another matter. Motion at 2. GT informed plaintiffs' counsel of this issue on June 15. *Id.*

On July 2, 2020, the parties presented their dispute about the consequence of the dual EKP retention to the Court. ECF 123. Because a substantial portion of the dispute concerns discovery, I am addressing the motion as a referred discovery matter. Any party may object to the ruling under Fed. R. Civ. P. 72(a) but must do so within 14 days of being served.

## II. Disqualification of EKP is Appropriate

Disqualification of a consultant or expert is appropriate where an adversary "disclosed confidential information to the expert that is relevant to the current litigation." *Kane v. Chobani, Inc.*, 12-CV-02425-LHK, 2013 WL 3991107, at *6 (N.D. Cal. Aug. 2, 2013). "Confidential information is defined as information of either particular significance or that which can be readily identified as either attorney work product or within the scope of the attorney-client privilege, including discussions of a party's strategy litigation, a party's view of the strengths and weaknesses of each side, and the role of each of a party's experts to be hired and anticipated defenses." *Id.* at *5 (quotations and alterations omitted). GT, as the party seeking disqualification, bears the burden of "demonstrating that it was reasonable for it to believe that a confidential relationship existed, and if so, whether the relationship developed into a matter sufficiently substantial to make disqualification or some other judicial remedy appropriate." *Id.* at *5. Here, it is apparent that a confidential relationship existed based on GT's discussion of litigation strategy with Ms. Frantz on April 1, discussed above. *Shadow Traffic Net. v. Sup. Ct.*, 24 Cal. App. 4th 1067, 1086 (1994) (affirming counsel's disqualification after retaining consultant

other side previously vetted in one-hour strategy session).

Plaintiffs agree that they will not use EKP and Frantz as an expert in this case. At the hearing, they clarified that the disqualification should also include Jared Palmer. Quora also will not use EKP and its personnel as an expert in this case.

Plaintiffs maintain that they can continue to use EKP's work product despite this conflict of interest. The Court finds that allowing plaintiffs to continue to use materials provided by EKP to plaintiffs' counsel after GT initiated a confidential relationship with EKP and disclosed confidential litigation strategy to EKP would threaten the integrity of the adversarial system. "Even assuming that" EKP "did not explicitly disclose the information to [plaintiffs]," as they claim, they "could still obtain the benefit of the information because the data, consciously or unconsciously, could shape or affect the analysis and advice [EKP] rendered to [plaintiffs]." *Shadow Traffic Net.*, 24 Cal. App. 4th at 1086. It is, therefore, fundamentally fair to disqualify EKP, Mary Frantz and Jared Palmer, from consulting with either side going forward in this case and prohibit plaintiffs' counsel from relying on work product provided by these conflicted consultants in their case against Quora. *See Kane*, Case No. 12-cv-2425 LHK, 2013 WL 3991107 at *7 ("[I]f Plaintiffs' Counsel were to continue to communicate with [conflicted expert] EAS, Chobani could be irreparably prejudiced through the direct or indirect disclosure of Chobani's confidential legal theories and anticipated defenses. Such disclosures would not only unfair advantage Plaintiffs' Counsel, but also undermine the very integrity of the adversary system.").

The Court does not find that plaintiffs and their counsel will be unfairly burdened by disqualification of EKP and a prohibition on using work product provided to plaintiffs' counsel after EKP formed a confidential relationship with GT. The expert cut-off is not until February of 2021, giving the parties ample time to find alternative experts. *See* ECF No. 56. Given that EKP's disqualification affects both parties, the burden of finding an alternative expert will be equally born.

### III. Plaintiffs Must Produce Documents Evidencing Facts On Quora Provided By EKP

Quora additionally seeks an order compelling plaintiffs' counsel to produce documents evidencing the factual scans that EKP ran on Quora's website and mobile application after it was retained by GT for this case. This request is included within Quora's Document Requests Nos. 5-8, which reference the allegations in paragraph 50 of the Third Amended Complaint.

Plaintiffs do not dispute that documents from EKP evidencing the "scans" it ran on Quora would be responsive to these RFPs, although they claim that they did not retain a copy of the "Burp Suite" scan in particular that Ms. Frantz identified to Quora. Motion at 3.

The Court finds that the results of the "scans" that EKP ran on the Quora website and/or mobile application after forming a confidential relationship with GT are responsive to Quora's Document Requests Nos. 5-8. Moreover, these documents are also relevant to GT's legitimate interest in determining the nature and extent of prejudice that EKP's conceded conflict of interest has caused to its defense of this case. The Court finds that discovery on these topics is proportional to the needs of the case under Fed. R. Civ. P. 26.

Finally, the Court considers plaintiffs' objection that the discovery is protected as privileged under Fed. R. Civ. P. 26(b)(4)(D). It is correct that ordinarily discovery of a consulting expert is precluded under that rule. But I find that Quora satisfies the exception under Rule 26(b)(4)(D)(ii) in that there are "exceptional circumstances" here (the disqualification of the expert who improperly took on a dual role) under which it is impracticable for Quora to obtain facts or opinions on the same subject by other means. Plaintiffs therefore must produce all responsive documents to requests Nos. 5-8 within 14 days of this order.

///

In summary, it is ORDERED:

(1) Enterprise Knowledge Partners, LLC and its personnel; Mary Frantz; and Jared Palmer are disqualified from consulting in this case with plaintiffs, defendant, and their respective counsel, and plaintiffs' counsel are prohibited from using work product provided by EKP in their case against Quora based on EKP's conflict of interest; and

(2) within 14 days, plaintiffs must produce all responsive documents to Document Requests Nos. 5-8 in their possession, custody or control, including documents evidencing the results of the scans performed by EKP on the Quora website or mobile application to Quora.

(3) No costs or fees awarded.

**IT IS SO ORDERED.**

DATED: July 15, 2020

_____
NATHANAEL M. COUSINS
U.S. MAGISTRATE JUDGE