UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALEXANDER HUYNH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>QUORA, INC.,<br><br>    Defendant. | Case No. 18-cv-07597-BLF<br><br>**ORDER GRANTING PLAINTIFF ERICA COOPER'S MOTION TO DISMISS VOLUNTARILY WITHOUT PREJUDICE**<br><br>[Re: ECF 120] |

Plaintiff Erica Cooper ("Cooper") moves to voluntarily dismiss herself from this action without prejudice and without costs to any party pursuant to Federal Rule of Civil Procedure 41(a)(2). *See* Mot., ECF 120. Defendant Quora, Inc. ("Defendant") opposes this motion and requests the Court either dismiss Cooper with prejudice or dismiss her without prejudice and order her to pay costs and fees specific to her to Defendant. *See* Opp'n, ECF 136. Further, Defendant wants any dismissal conditioned on Cooper sitting for a deposition previously ordered by Magistrate Judge Cousins. *See Id.*; Order, ECF 119. Pursuant to Civil Local Rule 7-1(b), the Court has determined that this matter is suitable for determination without oral argument. For the reasons below, the Court GRANTS Cooper's Motion to Dismiss Voluntarily Without Prejudice and declines to impose costs or conditions.

**I.    BACKGROUND**

Cooper originally filed suit against Defendant on December 21, 2018. Compl., *Cooper et al. v. Quora, Inc.*, No. 5:18-cv-07680 (N.D. Cal Dec. 21, 2018), ECF 1. Her case was consolidated with the present action on February 1, 2019. Order, *Cooper et al. v. Quora, Inc.*, No. 5:18-cv-07680 (N.D. Cal Feb. 1, 2019), ECF 14. The putative class action alleges Defendant failed to safeguard Plaintiffs' personal identifying information in a third-party attack on Defendant's

1  systems. Consol. Third Am. Class Action Compl., ECF 85. After the Court granted in part and
2  denied in part Defendant's motion to dismiss, Plaintiffs' remaining claims are for misrepresentation
3  under California's Unfair Competition Law and negligence. Order, ECF 116.

4      Starting on January 24, 2020, Defendant began trying to take the declaration of Cooper and
5  other named Plaintiffs. Mot. 1; Opp'n 2. After scheduling difficulties in February, Cooper had
6  agreed by March 5 to a March 29th deposition date. Opp'n 2; Decl. of Rebekah S. Guyon ¶ 3.
7  Cooper, a registered nursing assistant, was personally and professionally impacted by the COVID-
8  19 pandemic. *See* Mot.; Decl. of Erica Cooper ("Cooper Decl.") ¶¶ 2; 4-6. As a result of the
9  pandemic, Plaintiffs' counsel cancelled all depositions scheduled for the end of March, including
10 Cooper's. Decl. of Ivy T. Ngo ("Ngo Decl.") ¶ 8. After more scheduling difficulties and the deaths
11 of Plaintiff's mother-in-law and grandmother from COVID-19 related causes, Defendants moved
12 to compel Cooper's deposition on April 24 and June 23, 2020. Cooper Decl. ¶ 6; Ngo Decl. ¶¶ 10;
13 20. On June 25, 2020, Magistrate Judge Cousins granted Defendant's motion to compel and
14 ordered Cooper to appear for a deposition by July 17, 2020. Order, ECF 119; Ngo Decl. ¶ 21.
15 Judge Cousins stated, "[i]f Cooper and her counsel do not comply, the Court will consider
16 sanctions and an award of fees under FRCP 37." Order, ECF 119.

17     On June 29, 2020, Cooper's counsel circulated a joint stipulation to Defendant's counsel
18 proposing the voluntary dismissal of Cooper from the action. Ngo Decl. ¶ 22. The parties were
19 unable to come to an agreement on the stipulation. *Id.* Plaintiff filed this motion on July 1, 2020.
20 *See* Mot. Cooper states that between working full time in the emergency room of Hackensack
21 Meridian Health JFK University Medical Center in New Jersey and completing a course for her
22 master's degree in theology, she does not have time to sit for a full-day deposition. Cooper Decl.
23 ¶¶ 2; 7. It does not appear that she met Judge Cousins's July 17 deadline. The parties agree that
24 Plaintiffs' Motion for Class Certification is due October 13, 2020. Mot. 6; Opp'n 8. The last day to
25 hear dispositive motions in the case is June 17, 2021. Order, ECF 48.

26 **II.  LEGAL STANDARD**

27     "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request
28 only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). In this

Circuit, the decision to grant a voluntary dismissal under Rule 41(a)(2) "is addressed to the sound discretion of the District Court." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citations omitted). When evaluating a motion for voluntary dismissal pursuant to Rule 41(a)(2), the Court must determine: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005).

### A. Whether to Allow Dismissal

The Ninth Circuit has held that a Rule 41(a)(2) motion for voluntary dismissal should be granted "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "[P]lain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id.* at 976 (internal quotation marks omitted). Mere threat of future litigation, without more, does not constitute legal prejudice. *See Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Furthermore, "the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Id.*

When assessing whether to allow dismissal, the Court must consider the effect of the dismissal on other parties to the litigation since this requested dismissal would not dispose of the entire case. *Fraley v. Facebook, Inc.*, No. 11-CV-01726-LHK, 2012 WL 893152, at *2 (N.D. Cal. Mar. 13, 2012); *Columbia Cas. Co. v. Gordon Trucking, Inc.*, No. 09–cv–05441–LHK, 2010 WL 4591977, at *3 (N.D. Cal. Nov. 4, 2010).

### B. Whether the Dismissal Should be With or Without Prejudice

In determining whether dismissal should be with or without prejudice, courts typically consider: (1) the defendant's effort and expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; and (3) insufficient explanation of the need to dismiss. *Fraley*, 2012 WL 893152, at *3 (citing *Burnette v. Godshall*,

1  828 F. Supp. 1439, 1443–44 (N.D. Cal. 1993)). Dismissal with prejudice may be appropriate

2  where "it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action."

3  *Burnett*, 828 F.Supp. at 1443.

### C. Terms and Conditions of Dismissal

"In determining whether to award costs to a defendant after a voluntary dismissal without prejudice, courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Williams*, 227 F.R.D. at 540.

### III. DISCUSSION

As both parties acknowledge, ruling on a Rule 41(a)(2) motion is "addressed to the sound discretion of the District Court." *Westlands Water Dist.*, 100 F.3d at 97 (quoting *Stevedoring Servs.*, 889 F.2d at 921). Here, Defendant doesn't allege legal prejudice if Cooper is dismissed. Defendant alleges it has devoted significant time and monetary resources toward this case, *see* Opp'n 5-6, but those facts do not amount to legal prejudice. As to the effect of Cooper's dismissal on other class members, Cooper correctly points out that there is another named plaintiff remaining in the litigation who has already been deposed. Mot. 3; Ngo Decl. ¶ 16. This named plaintiff can "prosecute the action vigorously on behalf of the class," which is something Cooper is not in position to do. *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 566 (9th Cir. 2019).

The considerations to weigh when deciding whether to dismiss with or without prejudice similarly favor Cooper and her request for dismissal without prejudice. This case, with its remaining named plaintiff, will continue to move forward as planned with or without Cooper's participation as a named or absent class member. Defendant's investment of resources in this litigation this far—2,160 hours of attorney time as of July 1, Opp'n 6—will not go to waste, as that preparation will undoubtedly prove useful in opposing the upcoming Motion for Class Certification and any additional motion practice. Further, Cooper has been quite clear in explaining her need to dismiss. As a front-line healthcare worker who has also personally lost loved ones in the COVID-19 pandemic, Cooper has been particularly affected by our devastating

4

new reality. The Court does not find it would be inequitable or prejudicial to Defendant to allow Cooper to become an absent class member should the putative class be certified.

Finally, the Court is not inclined to condition Cooper's dismissal without prejudice in any way or award costs to the Defendant. The cases cited by Defendant to support the position that Cooper's dismissal should be conditioned on her sitting for a deposition are factually different than this present case or support a dismissal without conditions. *See Fraley*, 2012 WL 893152, at *4 (declining to impose a condition to sit for a deposition on Plaintiff's dismissal because Plaintiff has an independent duty to comply with deposition order from Magistrate); *Opperman v. Path, Inc.*, No. 13-CV-00453-JST, 2015 WL 9311888, at *5 (N.D. Cal. Dec. 22, 2015) (declining to impose a condition to sit for a deposition absent legal prejudice); *Sherman v. Yahoo! Inc.*, No. 13CV0041-GPC-WVG, 2015 WL 473270, at *7 (S.D. Cal. Feb. 5, 2015) (sole named plaintiff for two years required to sit for deposition to avoid legal prejudice to Defendant); *Dysthe v. Basic Research, LLC*, 273 F.R.D. 625, 629-30 (C.D. Cal. 2011) (ruling on a discovery dispute after class certification motion involving Plaintiff who had not yet been dismissed). Additionally, none of the plaintiffs in those cases presented the same hardship facts as Cooper, whose circumstances are more factually similar to *Roberts v. Electrolux Home Prod., Inc.*, No. 12-1644 CAS, 2013 WL 4239050, at *2 (C.D. Cal. Aug. 14, 2013) ("The health and family concerns outlined in the declarations show that Horton and Roberts' continued participation in this case as named plaintiffs would…be inappropriately burdensome on Horton and Roberts"). To be clear, this Court is not relieving Cooper of her obligations under Judge Cousins's order. That is a matter to be addressed to Judge Cousins.

As for imposing costs, the Court reiterates that the efforts and costs Defendant has expended on the case thus far will be beneficial to the future litigation of this case, as the case is still in the early, pre-Motion for Class Certification phase. The Court is exercising its discretion dismiss Cooper's claims without prejudice, and without assessment of costs, fees or conditions.

**IV.   ORDER**

For the foregoing reasons, the Court GRANTS Cooper's Motion for Voluntary Dismissal Without Prejudice.

Dated: August 10, 2020

_____
BETH LABSON FREEMAN
United States District Judge