UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JERI CONNOR,<br><br>        Plaintiff,<br><br>v.<br><br>QUORA, INC.,<br><br>        Defendant. | Case No.   18-cv-07597-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Re:  ECF 155] |

Before the Court is Plaintiff's administrative motion to file under seal portions of her opposition to Defendant's motion for summary judgment and associated exhibits. Mot., ECF 155. Plaintiff filed her request for two reasons: 1) portions of the materials were designated by Defendant as "confidential" or "highly confidential" pursuant to the stipulated protective order (ECF 64) and 2) the materials contain commercially sensitive documents and information regarding Defendant's business that the Court previously allowed to be filed under seal with Defendant's motion for summary judgment, *see* ECF 148. Mot. 1. Defendant filed two declarations in support of Plaintiff's motion to seal. *See* Decl. of Rebekah Guyon "(Guyon Decl."), ECF 157, and Decl. of Zhe Fu ("Fu Decl."), ECF 158. For the reasons stated below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

### I.   LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)). Consequently, filings that are "more than tangentially related to the

merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

Sealing motions filed in this district also must be "narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civil L.R. 79-5(b). Under Civil Local Rule 79-6(d), the submitting party must attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed." In addition, a party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.* Where the moving party requests sealing of documents because they have been designated confidential by another party or a non-party under a protective order, the burden of establishing adequate reasons for sealing is placed on the designating party or non-party. Civ. L.R. 79-5(e). The moving party must file a proof of service showing that the designating party or non-party has been given notice of the motion to seal. *Id.* "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1). "If the Designating Party does not file a responsive declaration . . . and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." Civ. L.R. 79-5(e)(2).

**II.   DISCUSSION**

Documents containing commercially sensitive information have been held sealable in this Circuit. *See, e.g., In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (sealing exhibit containing trade secrets and adopting definition of trade secret as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to

obtain an advantage over competitors who do not know or use it"). The Court has reviewed Plaintiff's sealing motion and the declarations of the designating party submitted in support thereof. The Court finds that the designating party has articulated compelling reasons to seal certain portions of the cited brief and exhibits. The proposed redactions are generally narrowly tailored. The Court's rulings on the sealing request is set forth in the table below.

| **ECF No.** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| 150-1 | Declaration of David Sun In Support of Plaintiff's Opposition to MSJ | GRANTED as to the portions of the document highlighted at: ¶ 8; ¶ 9; ¶ 10; ¶ 11; ¶ 12; ¶ 13; ¶ 14; ¶ 15; ¶ 16; ¶ 17; ¶ 18 | This document contains proprietary, non-public, and competitively sensitive technical details. Guyon Decl. ¶ 3 |
| 150-4 | Wood Decl., Ex. 1 | GRANTED as to the following portions of the document: 42:2-18; 45:4-16; 80:1-4; 80:23-25; 81:1-25; 82:1-25; DENIED as to the rest of the document | The Court grants this request as to the selected portions because they contain non-public, proprietary, and commercially sensitive information. Fu Decl. ¶¶ 3-4. The Court denies the request to the remainder of the document because Defendant, the designating party, stated that only the specified section would cause Defendant harm if publicly disclosed. Fu Decl. ¶ 4 |
| 150-4 | Wood Decl., Ex. 3 | GRANTED as to entire document | This document contains information regarding Defendant's investigation into the data breach, which is non-public information that could be used by a bad actor. Additionally, this document discloses non-public personal information of individuals involved in the investigation. Guyon Decl. ¶ 4 |
| 150-4 | Wood Decl., Ex. 4 | GRANTED as to entire document | This document contains information regarding Defendant's investigation into the data breach, which is non-public information |

3

| | | | |
|---|---|---|---|
| | | | that could be used by a bad actor. Additionally, this document discloses non-public personal information of individuals involved in the investigation. Guyon Decl. ¶ 4 |
| 150-4 | Wood Decl., Ex 5 | GRANTED as to entire document | This document contains information regarding Defendant's investigation into the data breach, which is non-public information that could be used by a bad actor. Additionally, this document discloses non-public personal information of individuals involved in the investigation. Guyon Decl. ¶ 4 |
| 151-2 | Weinmann Decl., Ex D | GRANTED as to the following portions of the document:<br>41:1-21;<br>48:1-8;<br>48:25<br>66:22-25;<br>67:1-5;<br>67:13-20;<br>67:25;<br>68:1;<br>68:11-25;<br>69:1-24;<br>72:22-73:2;<br>73:18-22;<br>DENIED as to the rest of the document. | The Court grants this request as to the selected portions because they contain non-public, information regarding the data breach, and a bad actor could use this information to perpetrate further attacks. Fu Decl. ¶¶ 6-7, 9. Additionally, the material is proprietary, non-public, and competitively sensitive. Fu Decl. ¶ 8.<br>The Court denies the request to the remainder of the document because Defendant, the designating party, stated that only the specified section would cause Defendant harm if publicly disclosed. Fu Decl. ¶ 5 |
| 151-3 | Weinmann Decl., Ex E | GRANTED as to entire document | This document contains information about Defendant's security measures that, if disclosed, could be used by a bad actor to exploit or infiltrate Defendant's systems. Fu |

4

| | | | Decl. ¶ 10 |
|---|---|---|---|
| 154 | Corrected Opposition to Motion for Summary Judgment | GRANTED as to the portions of the document highlighted at:<br>1:25-26;<br>6:11-14;<br>9:6-7;<br>9:13-15;<br>9:15-16;<br>10:19;<br>13:15-16;<br>16:7-8;<br>16:9-10 | These pages contain proprietary, non-public, and competitively sensitive technical details. Guyon Decl. ¶ 5 |

### III.  ORDER

For the reasons set forth herein, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' administrative motion to file under seal portions of her opposition to Defendant's motion for summary judgment and associated exhibits.

Dated: October 15, 2020

_____
BETH LABSON FREEMAN
United States District Judge