UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JERI CONNOR,<br><br>        Plaintiff,<br><br>v.<br><br>QUORA, INC.,<br><br>        Defendant. | Case No. 18-cv-07597-BLF<br><br>**ORDER GRANTING DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF 167] |

Before the Court is Defendant's administrative motion to file under seal materials submitted in support of its motion for summary judgment. *See* Mot., ECF 167. Defendant makes its request on the basis of the Court's previous order granting Defendant's motion to file under seal portions of its motion for summary judgment and because the materials contain commercially sensitive information. *Id.* Plaintiff did not file an opposition. Defendant further clarified its sealing request on October 28, 2020, in light of certain documents that have since been rendered moot. For the reasons stated below, Defendant's motion is GRANTED.

**I.    LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)). Consequently, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

Sealing motions filed in this district also must be "narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civil L.R. 79-5(b). Under Civil Local Rule 79-6(d), the submitting party must attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed." In addition, a party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.* Where the moving party requests sealing of documents because they have been designated confidential by another party or a non-party under a protective order, the burden of establishing adequate reasons for sealing is placed on the designating party or non-party. Civ. L.R. 79-5(e). The moving party must file a proof of service showing that the designating party or non-party has been given notice of the motion to seal. *Id.* "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1). "If the Designating Party does not file a responsive declaration . . . and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." Civ. L.R. 79-5(e)(2).

## II.     DISCUSSION

Documents containing commercially sensitive information have been held sealable in this Circuit. *See, e.g., In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (sealing exhibit containing trade secrets and adopting definition of trade secret as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it"). The Court has reviewed Defendant's sealing motion and the declarations in support thereof. The Court finds that the Defendant has articulated compelling reasons to seal certain portions of the cited brief and exhibits. The proposed redactions are generally narrowly tailored. The Court's rulings on the sealing request is set forth in the table below.

2

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 167-4 | Supplemental Declaration of Zhe Fu in Support of Quora's Motion for Summary Judgment | GRANTED as to the portions of the documents highlighted at:<br>¶¶ 2; 3; 4; 5; 6 | Defendant directs the Court to its prior order on the motion to seal Defendant's motion for summary judgment. Decl. of Rebekah Guyon ¶ 2, ECF 167-2. The Court does find that this document contains proprietary, non-public, and competitively sensitive details. |
| 167-6 | Declaration of Rebekah Guyon in Support of Opposition to Platintiff's Feb. R. Civ. Pr. 56(d) request | GRANTED as to the portions of the document highlighted at:<br>3:28-4:1;<br>4:4;<br>4:7-8;<br>4:22 | Defendant directs the Court to its prior order on the motion to seal Defendant's motion for summary judgment. Decl. of Rebekah Guyon ¶ 2, ECF 167-2. The Court does find that this document contains proprietary, non-public, and competitively sensitive details. |
| 167-10[1] | Declaration of Paula Griffin in Support of Motion to Exclude Declaration of David Sun | GRANTED as to the portions of the document highlighted at:<br>¶¶ 3; 4; 5; 6; 7 | This document contains proprietary, non-public, and competitively sensitive technical details. Decl. of Zhe Fu ¶ 5, ECF 167-1. |
| 167-12 | Excerpts of deposition of Paula Griffin | GRANTED as to the portions of the document highlighted at:<br>28:1-25;<br>42:2-18;<br>49:13-23:<br>50:9-25;<br>51:6-52:25; | This document contains proprietary, non-public, and competitively sensitive technical details. Decl. of Zhe Fu ¶¶ 6-8. |

---

[1] This Document supports a motion that has been stricken by the Court. *See* Order, ECF 169.

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | 53:4-25;<br>55:1-22;<br>56:4-25;<br>57:12-25;<br>58:1-5;<br>58:11-16;<br>58:19-22;<br>60:10-14;<br>60:20-21;<br>94:4-13;<br>107:1-6;<br>107:11;<br>117:1-25;<br>118:1-11 | |
| 167-8[2] | Defendant's initial Reply in support of its Motion for Summary Judgment | GRANTED as to the portions of the document highlighted at:<br>2:13-15;<br>4:20-24;<br>7:28-8:1;<br>8:3;<br>8:21;<br>9:5-6;<br>9:23-24;<br>10:14-15;<br>11:10-15;<br>11:26;<br>14:24-25 | Defendant directs the Court to its prior order on the motion to seal Defendant's motion for summary judgment. Decl. of Rebekah Guyon ¶ 2, ECF 167-2. The Court does find that this document contains proprietary, non-public, and competitively sensitive details. |
| 167-14[3] | Defendant's Motion to Exclude Plaintiff's Declaration of David Sun | GRANTED as to the portions of the document highlighted at:<br>4:6-7;<br>4:11-12;<br>4:17-23;<br>4:27-5:1;<br>5:3-4;<br>5:9-10;<br>5:15-20;<br>5:23-24;<br>7:3-5;<br>8:18-20;<br>8:24-27;<br>9:2; | This document contains proprietary, non-public, and competitively sensitive technical details. Decl. of Rebekah Guyon ¶ 5. |

---

[2] This Document has been superseded in lieu of the Court's October 14, 2020 Order. *See* Order, ECF 169.
[3] This document was stricken by the Court's October 14, 2020 Order. *See* Order, ECF 169.

| | | 9:5; 9:8 | |

### III. ORDER

For the reasons set forth herein, the Court GRANTS Defendant's administrative motion to file under seal.


Dated:  October 28, 2020

_____
BETH LABSON FREEMAN
United States District Judge

5