**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JERI CONNOR,<br><br>        Plaintiff,<br><br>    v.<br><br>QUORA, INC.,<br><br>        Defendant. | Case No. 18-cv-07597-BLF<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>[Re: ECF 171] |

    Before the Court is Plaintiff Jeri Connor's motion for relief from a non-dispositive pretrial order of Magistrate Judge Nathanael M. Cousins, pursuant to Local Civil Rule 72-2. *See* Mot., ECF 171. Ms. Connor challenges Judge Cousins's denial of her joint statement to compel disclosure of the identity of a consultant used by Defendant Quora. Mot. 1. After the Court ordered Quora to respond to Ms. Connor's motion, Quora filed an opposition brief reiterating Judge Cousins's decision that no "exceptional circumstances" requiring disclosure existed because it is undisputed that multiple avenues of discovery remain available to Ms. Connor for probing the background to the data security incident at issue in the case. *See* Opp'n, ECF 189.

    A magistrate judge's non-dispositive pretrial order may be modified or set aside if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "[T]he magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). Having reviewed the evidence, the Court finds no clear error and that Judge Cousins's legal conclusion was not contrary to law.

    Although Judge Cousins did not make a specific finding that Quora had met its burden under Rule 26, Quora made representations before Judge Cousins and submitted additional

1  evidence to this Court that establish the timing of the retention and the absence of a prior

2  relationship with the consultant.  Decl. of Karen Kramer ¶¶ 3-4, 6, ECF 189-1. The Court agrees

3  with Judge Cousins that Ms. Connor "has not shown exceptional circumstances to compel

4  Defendant to disclose the identity of a consulting expert." Order, ECF 149 Accordingly, the Court

5  DENIES Ms. Connor's motion for relief.

**IT IS SO ORDERED.**

Dated: November 3, 2020

_____
BETH LABSON FREEMAN
United States District Judge