UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JERI CONNOR,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>QUORA, INC.,<br><br>　　　　　Defendant. | Case No. 18-cv-07597-BLF<br><br>**ORDER VACATING JUNE 10, 2021 HEARING AND DENYING MOTION TO CERTIFY QUESTIONS FOR INTERLOCUTORY APPEAL**<br><br>[Re: ECF 214] |

Before the Court is Defendant's request to Certify for Interlocutory Review three questions decided by the Court in its December 21, 2020 order granting in part and denying in part Defendant's motion for summary judgment ("Order"). *See* Mot. to Certify, ECF 214.[1] Plaintiff opposes this request. *See* Opp'n, ECF 220. After reviewing the parties' briefing, the Court finds this motion appropriate for decision without oral argument and VACATES the hearing scheduled for June 10, 2021. *See* Civ. Loc. R. 7-1(b). The Court DENIES Defendant's motion.

A district court may certify an order for interlocutory review "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). A district court may certify for interlocutory review any non-dispositive order that meets three criteria: (1) there is a controlling question of law upon which (2) there is a substantial ground for difference of opinion, and (3) the immediate appeal of which will materially advance the ultimate termination of the litigation. *See* 28 U.S.C. §1292(b). The purpose of this statute is to provide "immediate appeal of interlocutory orders deemed pivotal and debatable." *Swint v. Chambers Cnty. Comm'n*, 514 U.S.

---

[1] Defendant also sought leave to file a motion for reconsideration on one fact issue in the Court's Order, and this request was denied on January 13, 2021 because Defendant misconstrued the Court's Order. *See* Order Denying Leave, ECF 217.

35, 46 (1995). Motions under § 1292(b) are to be granted sparingly. *See James v. Price Stern Sloan Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). Decisions regarding whether or not to certify an order for appeal are within the sound discretion of the district court and are not reviewable. *Prot. Info. Ctr. v. Pac. Lumber Co.*, No. C 01–2821, 2004 WL 838160, at *2 (N.D. Cal Apr. 19, 2004) (citing *Executive Software N. Am., Inc. v. United States*, 24 F.3d 1545, 1550 (9th Cir. 1994)).

Defendant seeks to certify the Order for interlocutory review by the Ninth Circuit under 28 U.S.C. § 1292(b) based on the following questions:

1. Whether time and money spent mitigating against a theoretical risk of future identity theft is an appreciable, nonspeculative, present injury sufficient to assert a negligence claim under California law?

2. (A) Whether a plaintiff may file suit for negligence where no injury has occurred as a matter of law at the time of filing, and a month after suit was filed, manufactured an "injury" by spending time and money on credit monitoring?[2]

 (B) Whether causation may be shown as a matter of law based on time and money spent for credit monitoring where the information disclosed did not amount to "personal information" within the meaning of Cal. Civ. Code § 1798.82, and where the incident did not trigger statutory notice requirements to either California consumers or regulators under § 1798.82?

(C) Can the legal requirements for causation and damages under California negligence law be satisfied by the purchase of additional credit monitoring services when the plaintiff may obtain or already have in place credit monitoring services for free from alternative sources?

3. Whether the special relationship exception creates a duty between parties in contractual privity to prevent economic losses in the form of mitigating against a risk of future identity theft in the absence of an incident involving personal information under Cal. Civ. Code § 1798.82?

Mot. 1. Here, the Court does not find that any of the three questions Defendant wants to certify—

---

[2] Plaintiff disputes this characterization of the facts of the case. *See* Opp'n 3 n.1.

one of which has three detailed subparts of its own—presents a pure question of law. Rather, they present mixed questions of fact and law that depend on the particular set of facts in this case.

Regarding the first question, Defendant argued that Plaintiff could not produce sufficient evidence supporting cognizable harm in negligence, and the Court found summary judgment unwarranted after reviewing the evidence put forth by Plaintiff. Order 17. The Court made a similar finding for the third question: "summary judgment based on Defendant's contention that the facts do not support the special relationship exception to the economic loss rule is not appropriate." Mot. 28. The Ninth Circuit would have to conduct a similar factual analysis to answer these questions on interlocutory review. The Court also finds that resolving the second question, and evaluating whether Plaintiff "manufactured" an injury, depends on the underlying facts of this case as well.

None of Defendant's questions are fit for certification. Interlocutory review is appropriate in extraordinary cases, "not simply where issues are hard or questions are somewhat new." *Pac. Lumber*, 2004 WL 838160, at *6 (citing *Coopers & Lyband v. Livesay*, 437 U.S. 463, 474 (1978)). For this reason, the Court DENIES Defendant's motion.

**IT IS SO ORDERED**

Dated: February 3, 2021

_____
BETH LABSON FREEMAN
United States District Judge